**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eddie Lee REDD, Defendant-Appellant.**

**No. 26655.**

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1971.

Certiorari Denied May 17, 1971.

See 91 S.Ct. 1681.

**336**

Charles Miller, San Francisco, Cal., for defendant-appellant.

James L. Browning, U. S. Atty., James L. Hazard, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

Redd appeals from a conviction under 18 U.S.C. § 659 for knowing possession of property stolen from an interstate shipment of goods. On appeal Redd challenges the jury instructions. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

■ Appellant raises three issues: *first,* that the jury should not have been instructed that they could infer appellant's knowledge if they found that he possessed the property while it was recently stolen; *second,* that giving the instruction compelled appellant to incriminate himself or shifted the burden of proof; and *third,* that the five-week interval between the theft and the time of appellant's possession was too long to make it recent.

Appellant's first two contentions are without merit. McAbee v. United States, 434 F.2d 361 (9th Cir., 1970); Dunson v. United States, 404 F.2d 447, 449 (9th Cir. 1968); Glavin v. United States, 396 F.2d 725, 729, 730 (9th Cir. 1968).

■ Appellant's final contention must also fail. Whether possession was sufficiently recent to justify an inference of knowledge is essentially a question of fact for the jury to resolve be-fore the inference comes into play. United States v. Gordon, 421 F.2d 1068, 1073, n. 1 (5th Cir. 1970) (approximately a two-month interval); United States v. Prujansky, 415 F.2d 1045, 1051 (6th Cir. 1969) (24 hours); Lee v. United States, 363 F.2d 469, 474, 475 (8th Cir. 1966) (five months).

The court below properly cautioned the jury as to the interpretation of the term recently:

"The term 'recently' is a relative term and has no fixed meaning. Whether property be considered as recently stolen depends upon the nature of the property and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft, the more doubtful becomes the inference which may reasonably be drawn from unexplained possession."

It must be noted that in this case the inference did not stand alone. The appellant's clandestine sale of the merchandise for approximately one-third of its value was ample evidence supporting the jury's conclusion. Under these circumstances, the instruction merely allowed the jury one more factor in determining appellant's mental state.

The decision of the district court is affirmed.