**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William James TOCKI, Defendant-Appellant.**

**No. 72-1832.**

United States Court of Appeals,
Ninth Circuit.

Oct. 24, 1972.

Brian B. Kennedy (argued), of Turner, Stoeve, Gagliardi & Kennedy, Spokane, Wash., for defendant-appellant.

Robert H. Whaley, Asst. U. S. Atty. (argued), Dean C. Smith, U. S. Atty., Spokane, Wash., for plaintiff-appellee.

Before CHOY and GOODWIN, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge:

William James Tocki appeals from his conviction and sentence on a charge of having knowingly transported a stolen vehicle in interstate commerce.

The evidence showed that in September, 1971, Tocki drove a stolen Ford Mustang from Southern California to Spokane, Washington. When stolen, the Mustang had California license plates. When it was found in the possession of Tocki at Spokane, it had an Ohio license plate registered to another car and also a different Ohio license plate hidden under a mat in its trunk.

Tocki told a government witness that he got the car from a friend who got it "the easy way." When Tocki was arrested, the car was searched. A brown container with ground-down Allen wrenches and some lock-picking tools were taken from an Air Force flight jacket.

The officer who had found them testified that he could positively identify the jacket and case by their identifying marks. Because he had placed no identifying marks on the tools, he testified that he could not positively identify them as the ones he saw in the container. He

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

stated that they were very similar and that he had never seen tools like that before. His description of the tools corresponded with the tools themselves and with the notes he made at the time of the seizure. The tools had been in police custody but not always in his personal possession since the seizure.

The trial court admitted the tools in evidence over Tocki's objection.

Tocki testified that he did not know that the car had been stolen when he drove it from Southern California to Spokane; that he borrowed the car from a friend, Henry Gonzales, in order to visit some friends in Spokane. He remained in Spokane longer than he had anticipated in order to help these friends who were in financial difficulties.

Tocki also testified that in Spokane he used the name of Bill Miller, that he had lived in Ohio from 1961 to 1964 and that he had owned a car there. He was in prison from 1965 to 1971, and while in prison he became acquainted with another prisoner, Henry Gonzales. He admitted that at his request, the United States Marshal brought Gonzales, who was again in custody, from Los Angeles to Spokane and that he elected not to call Gonzales as a defense witness. Tocki also admitted that the lockpicking tools and wrenches belonged to him.

Tocki does not question the sufficiency of the evidence to sustain the conviction. Nevertheless, he asserts that his conviction must be reversed because of several errors which occurred during his trial.

First, Tocki contends that the admission of the lockpicking keys and tools over his objection was error.

■ Although Tocki, when he testified, admitted that the tools were his, he says that had the tools not been admitted, he might not have testified. Even without Tocki's admission, the witness' identification was sufficient. The admissibility of the evidence was within the discretion of the trial court and here there was no abuse of that discretion. West v. United States, 359 F.2d 50 (8th Cir. 1966), cert. denied, 385 U.S. 867, 87

S.Ct. 131, 17 L.Ed.2d 94 (1966). The lack of positive identification only affects the weight of such evidence. Gallego v. United States, 276 F.2d 914 (9th Cir. 1960).

■ Second, Tocki contends that the trial court erred when it failed to include the reasonable doubt concept in these two excerpts of its instructions to the jury:

" . . . So, if the jury views the evidence in the case as reasonably permitting two conclusions, one of innocence, the other of guilty, the jury should, of course, adopt the conclusion of innocence . . . . "

" . . . If any possession which the accused may have had of recently stolen property is consistent with innocence the jury should acquit the accused . . . . "

Even though the trial court instructed on reasonable doubt on seven occasions, and even though the court instructed the jury, ". . . the burden is always upon the prosecution to prove beyond a reasonable doubt, every essential element of the crime charged, Tocki asserts that the omission of the reasonable doubt concept in each of these two excerpts was error.

There is no merit in this contention. Jury instructions must be considered as a whole. Medved v. United States, 411 F.2d 617 (9th Cir. 1969). We have examined the instructions, and we find that they were full, fair and complete. They adequately informed the jury of the necessity of finding Tocki guilty beyond a reasonable doubt before a verdict of guilty could be returned.

Third, Tocki contends that the instruction on possession of recently stolen property shifted the burden of proof to him and forced him to testify on his own behalf. He claims that the error was compounded when the court, prior to the trial, refused to grant his motion to prevent the government from introducing his prior felony convictions if he testified on his own behalf.

There is no merit in either contention.

This instruction has been approved in this and other jurisdictions. McAbee v. United States, 434 F.2d 361 (9th Cir. 1970); United States v. Redd, 438 F.2d 335 (9th Cir. 1971), cert. denied, 402 U.S. 977, 91 S.Ct. 1681, 29 L.Ed.2d 143 (1971); Orser v. United States, 362 F.2d 580 (5th Cir. 1966).

The motion to exclude prior felony convictions was properly denied. Here the convictions were recent; there was no abuse of discretion in denying the request, Burg v. United States, 406 F.2d 235 (9th Cir. 1969), particularly when the defendant offered evidence of his prior convictions before he was cross-examined. Shorter v. United States, 412 F.2d 428 (9th Cir. 1969), cert. denied, 396 U.S. 970, 90 S.Ct. 454, 24 L.Ed.2d 436 (1969).

Affirmed.