416 A.2d 507

COMMONWEALTH of Pennsylvania

v.

Raymond DOMAN, Appellant.

Supreme Court of Pennsylvania.

July 15, 1980.

Roy H. Davis, Asst. Public Defender, for appellant.

David E. Fritchey, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Raymond Doman, was convicted by a jury of larceny and operating a motor vehicle without consent of the owner. Post-verdict motions were filed, but then were withdrawn prior to sentencing, when appellant received concurrent prison terms of eighteen months to three years. Appellant then appealed to the Superior Court, which vacated the judgments of sentence and remanded for the filing of new post-verdict motions. *Commonwealth v. Doman*, 237 Pa.Super. 415, 352 A.2d 157 (1975). The motions were filed

and denied, and appellant received the same sentences which previously had been imposed. The Superior Court affirmed, *per curiam. Commonwealth v. Doman,* 251 Pa.Super. 594, 381 A.2d 893 (1977). We granted appellant's petition for allowance of appeal.

Appellant argues that the evidence presented at trial was insufficient to sustain either of his convictions. The facts adduced at trial are as follows.

On October 7, 1970, George Wescott's 1965 Cadillac was stolen from his place of employment in Delaware County. Three weeks later, on October 27, two Philadelphia policemen on patrol saw appellant drive a Cadillac with a flat tire through a red light. In response to a signal from the officers, appellant, who was alone in the car, pulled into a gas station near the intersection of Broad Street and Lycoming Avenue. Appellant was unable to produce either a driver's license or an owner's registration card for the vehicle. The police noticed that the window on the driver's side was broken and that the car's serial numbers had been obliterated. Further investigation revealed that the Cadillac was the one which had been reported stolen by Wescott.

Appellant testified that he worked at an Esso station at the corner of Broad and Lycoming. He stated that, at the time of his arrest, he was acting pursuant to orders from his boss, Samuel Rivers, and was simply moving the car from the service station lot to a lot across the street. Wescott testified, however, that he did not know appellant and had never given appellant or anyone else permission to drive the car.

Appellant was charged with larceny, receiving stolen property and operating a motor vehicle without consent of the owner. At the close of the Commonwealth's case, the trial court sustained a demurrer to the charge of receiving stolen property. The remaining two charges were given to the jury, which convicted appellant of both charges.

### No. 406 March Term, 1971

Appellant first claims that the Commonwealth failed to prove that he was operating the automobile without Wescott's permission. We do not agree.

The Legislature had provided:

"It shall be unlawful for any person . . . [t]o make use of or operate any motor vehicle or tractor without the knowledge or consent of the owner or custodian thereof." Act of April 29, 1959, P.L. 58, § 624(5), formerly 75 P.S. § 624(5).

Instantly, the Commonwealth was able to show that appellant was operating Wescott's automobile at the time he was arrested. Further, Wescott testified that he had never given appellant or anyone else permission to drive the car. Despite appellant's testimony to the contrary, the jury, in its province as fact finder and hence, the sole arbiter of credibility, *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417 (1978), was presented sufficient evidence upon which to convict appellant of operating a motor vehicle without consent of the owner.

### No. 405 March Term, 1971

Appellant next argues that the evidence was insufficient to sustain his conviction for larceny. As the incident in question predates the effective date of the Crimes Code, the 1939 Penal Code is controlling. As the Superior Court stated:

"Larceny in Pennsylvania is a common-law larceny and consists in the *taking and carrying away* of the personal property of another with the mind of a thief, that is, with the specific intent to deprive the owner permanently of his property." *Commonwealth v. Lyons*, 219 Pa.Super. 18, 22, 280 A.2d 458, 461 (1971). (Emphasis added.)

Our review of the record reveals not a single iota of evidence which would support a finding that appellant took and carried away Wescott's automobile.

The Commonwealth and the trial court cite two cases which they believe allow a conviction for larceny on the

instant record. In *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976), a plurality of this court held that unexplained possession of recently stolen goods, along with other evidence in the case, was sufficient to sustain a conviction for *receiving stolen property*. Suffice it to say that the crime of receiving stolen property contains no element of taking and carrying away and for that reason *Williams* does not support the argument set forth by the Commonwealth.

In *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972), we affirmed a conviction for larceny, stating:

"In our view, the inference under consideration, when competently invoked as it is in the instant case, clearly meets the 'more-likely-than-not' test. In reaching this conclusion, we look to the following criteria to determine if the inference is valid: the lapse of time between the crime and the discovery of the property; the type and kind of property; the amount and volume of the property; and the ease in which it may be assimilated into trade channels. In the instant case, Shaffer was found in possession of the jewelry less than twenty-four hours after the two burglaries, he had in his possession a large quantity of jewelry (approximately twenty-five pieces), and it was clearly marked with the names and initials of other individuals. This quantity of jewelry, with this type of markings is not sold on street corners, or left lying around in automobiles. Moreover, when Shaffer was confronted by the police he gave a false name, and one of his co-felons attempted to hide the jewelry from the investigating officers by throwing it out of the window of the vehicle in a sock." (Footnote omitted.) *Id.*, 447 Pa. at 109, 288 A.2d at 737.

We believe, however, that *Shaffer* is inapposite for at least one critical reason: *i. e.*, the difference in time involved in the two cases. In *Shaffer*, the jewelry which the defendant therein was convicted of stealing had been stolen less than twenty-four hours before the time of arrest. Instantly, the automobile had been stolen approximately three weeks

prior to the arrest of appellant. The instant facts do not prove it was "more-likely-than-not" that appellant had stolen the automobile. While we believe the evidence could have sustained a conviction for receiving stolen property, we find insufficient evidence to sustain appellant's theft conviction.

Judgment of sentence at No. 405 March Term, 1971 is reversed and appellant is ordered to be discharged.

Judgment of sentence at No. 406 March Term, 1971 is affirmed.

KAUFFMAN, J., filed a concurring and dissenting opinion in which EAGEN, C. J., and LARSEN, J., joined.

KAUFFMAN, Justice, concurring and dissenting.

I join in the majority's affirmance of appellant's conviction for unauthorized use of a motor vehicle. I would also affirm his conviction for larceny.

In making a sufficiency determination, we must view the record as a whole and accept as true all evidence favorable to the Commonwealth, with all reasonable inferences flowing therefrom. *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976). When so viewed, the record reveals the following: On October 7, 1970, George H. Westcott ("Wescott") drove his 1965 Cadillac to his place of employment in Delaware County. Upon leaving work, he discovered that his car was missing and reported to the police that it had been stolen. On October 27, 1970, at 10:50 a. m., two Philadelphia policemen patrolling near the intersection of Broad Street and Lycoming Avenue saw appellant drive a Cadillac with a flat tire through a red light. In response to their signal for him to pull over, appellant drove across Broad Street and pulled into a gas station near the intersection. Appellant, who was alone in the car, had neither a driver's license nor an owner's card for the vehicle. The police noticed that the window on the driver's side had been broken and that the car's serial numbers had been obliterated. Further investigation revealed that the car was the one

that Wescott had reported stolen. Appellant was arrested and charged with larceny, receiving stolen goods, and operating a motor vehicle without the owner's consent.

When he recovered his vehicle two days later, Westcott observed that it had been vandalized: the trunk, front fender, and driver's window had been smashed; the air conditioner and radio had been partially removed; the leather seats had been slashed; the horn rim on the steering wheel had been broken; the car's new tires had been replaced; the ignition had been tampered with so that any key would start the vehicle; visible signs remained that showed the ignition lock had been forced. Westcott testified that the car had been in near-perfect condition and that it cost almost two thousand dollars to repair. He further testified that he did not know the appellant and had never given him or anyone else permission to drive his car.

Appellant's explanation of his actions was rejected by the jury below, apparently because his testimony was inconsistent, contradicted, and uncorroborated.[1]

The majority concludes that there is "not a single iota of evidence" to support appellant's larceny conviction. (*Supra* at 509.) I disagree.

In *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972) (plurality), we considered whether the evidence was sufficient to sustain a conviction of larceny and concluded that a defendant's possession of stolen property could give rise to an inference of guilt. Four factors were considered:

1. For instance, appellant testified that he worked an eight hour shift at the nearby gas station that began at 3 p. m.; he also testified that he was working at 10:50 a. m. when he was arrested. In addition, appellant's testimony was directly contradicted by the police on several material points. Finally, rather than attempt to corroborate his testimony with that of other employees at the service station where he allegedly worked, appellant testified that he was fired the day after his arrest and never again spoke to any other employee even though he lived across the street from the station. In evaluating this inconsistent, contradicted, uncorroborated testimony, the jury had a rational basis to conclude that appellant lied. This constituted additional evidence of guilty knowledge. *Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236 (1979). *See Commonwealth v. Cristina*, 481 Pa. 44, 53–54, 391 A.2d 1307, 1312 (1978).

The lapse of time between the crime and the discovery of the property; the type and kind of property; the amount and volume of the property; and the ease in which it may be assimilated into trade channels.

*Commonwealth v. Shaffer, supra,* 447 Pa. at 109, 288 A.2d at 737.[2]

In *Shaffer,* the evidence disclosed that defendant had been stopped by police while driving a car that did not belong to him or to the other three occupants of the vehicle; possession was never explained. Defendant produced the driver's license of another, and other occupants attempted to throw various objects, later found to be jewelry stolen within the past twenty-four hours, from the car. A search of the vehicle revealed additional stolen jewelry. We ruled that this evidence was sufficient to sustain the defendant's conviction for larceny of the jewelry.

I believe that *Shaffer* controls the instant case. Like the accused in *Shaffer,* appellant could not give the police a valid license or owner's card, and the jury rejected his unsatisfactory explanation of possession. Both cases involved possession of goods that are easily "assimilated into trade channels."[3] In addition, the obviously vandalized condition of the car provided the jury with a valid foundation to conclude rationally that appellant knew the car was stolen.

The majority deems *Shaffer* inapplicable because the defendant in that case possessed goods that had been stolen more recently than the car possessed by appellant.[4] This is

2. The federal courts have set out similar criteria for evaluating a suspect's possession of stolen property. *See United States v. Wilson,* 523 F.2d 828 (8th Cir. 1975), *cert. denied,* 434 U.S. 849, 98 S.Ct. 158, 54 L.Ed.2d 117 (1977); *United States v. Redd,* 438 F.2d 335 (9th Cir. 1971), *cert. denied* 402 U.S. 977, 91 S.Ct. 1681, 29 L.Ed.2d 143 (1971).

3. The unique problems presented by automobile thefts have been recognized in a large number of jurisdictions. See 89 ALR3d 1202, 1216–1218.

4. The majority also holds that the evidence presented below could support a conviction for receiving stolen property. Yet, appellant's conviction for that crime would be sustained only if we concluded

contrary to *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976) (plurality), in which we refused to narrowly limit the term "recent," ruling instead that recency is an issue for the fact-finder.[5] In the instant case, I would not upset the jury's determination that appellant's possession of Westcott's car was recent.

In sum, based on the evidence presented below, I believe that it was legally permissible for the jury to infer that appellant had taken Westcott's car on October 7, 1970 with the intent of permanently depriving him thereof, and when stopped by police, appellant was driving to his home, which was in close proximity to the arrest scene. Accordingly, I would hold that appellant's conviction for larceny is supported by sufficient evidence and would affirm the Order of the Superior Court.

EAGEN, C. J., and LARSEN, J., join in this opinion.

that the car was *recently* stolen. *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976) (plurality).

**5.** The federal courts have held similarly. *See United States v. Fairfield*, 526 F.2d 8 (8th Cir. 1975) (suspect's possession of a stolen automobile ten months after its theft deemed recent); *United States v. Wolfenbarger*, 426 F.2d 992 (6th Cir. 1970) (two months deemed recent); *Hale v. United States*, 410 F.2d 147 (5th Cir. 1969), *cert. denied* 396 U.S. 902, 90 S.Ct. 216, 24 L.Ed.2d 179 (1969) (six months and nineteen days deemed recent).