**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF C.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF C.R. | |
| | No. 249 EDA 2019 |

Appeal from the Dispositional Order entered December 18, 2018
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No.: CP-51-JV-0001824-2018

BEFORE:  PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MAY 20, 2020**

Appellant, C.R., appeals from a dispositional order following an adjudication that he committed the offenses of receiving stolen property and unauthorized use of a vehicle.  The court ordered Appellant to pay restitution in the amount of $250.00 and remain on in-home detention under the supervision of a juvenile probation officer.  Appellant argues that the evidence was insufficient to sustain the determination of delinquency for receiving stolen property.  We affirm.

On November 4, 2018, at approximately 7:53 p.m., Appellant sped through a stop sign on the 6200 block of Media Street in West Philadelphia, and then through a steady red traffic signal, as Officer Ryan Wong and his partner watched from their patrol car.  The officers activated the dome lights

_____

[*] Former Justice specially assigned to the Superior Court.

and siren and pursued Appellant, who led them on a high-speed automobile chase for one-third of a mile. Appellant came to an abrupt stop at the corner of 62nd and Jefferson Streets, opened the driver's-side door and fled on foot. Officer Wong followed on foot, chasing Appellant for five minutes in a zig-zag pattern. Appellant eventually hid in an alley, where Officer Wong apprehended him.

Police ran the vehicle identification number through the NCIC database and discovered that the car had been reported stolen by its owner, Lisa Small, five days earlier. Neither Small nor her husband knew Appellant or gave him permission to use their car, which had sustained damage to the exterior since she last saw it, including indicia of being "sideswiped" in the rear and damage to both doors. The interior reeked of marijuana.

At a delinquency hearing, the Commonwealth presented the testimony of Officer Wong and Small. The parties stipulated "that the car was taken out of county" from Collingdale, Pennsylvania, and that, if called to the stand, Detective James Brady would testify that he recorded an interview with Small confirming her ownership of the vehicle and lack of permission to Appellant to use it.

On December 18, 2018, Appellant was adjudicated delinquent and placed on probation. Appellant filed this timely appeal, and both Appellant and the juvenile court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal: "Was not the evidence insufficient for Appellant to be found guilty of, and adjudicated delinquent for,

receiving stolen property where there was no evidence that he knew, believed, or should have known that the automobile at issue was stolen?" Appellant's Brief at 3.

When examining a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, this Court employs a well-settled standard of review:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

*Interest of P.S.*, 158 A.3d 643, 650 (Pa. Super. 2017).

Appellant does not challenge the sufficiency of the evidence of unauthorized use of a vehicle. He challenges only the sufficiency of the

evidence for receiving stolen property on the ground that the Commonwealth failed to prove that he knew the car was stolen.

A person is guilty of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a). A defendant "receives" property where he "acquir[es] possession [or] control" of it. 18 Pa.C.S.A. §3925(b). The fact-finder may infer guilty knowledge that a car was stolen based upon multiple factors, including, but not limited to: (1) alterations to the property indicative of theft; (2) the recency of the theft; (3) the location of the theft in comparison to where the defendant possessed the car; (4) the place or manner of possession; and (5) the defendant's conduct, including attempts to flee apprehension. *Interest of P.S.*, 158 A.3d at 651.

Viewed under this standard, the evidence supported Appellant's adjudication for receiving stolen property. The arresting officer testified that he chased the car for one-third of a mile after seeing it pass through two stop signals and then saw Appellant exit the driver's door and flee on foot. The officer also testified that the license plate of the car had been altered and did not match the plate assigned to the vehicle identification number of the car, and that the registration card with the true owner's name was inside the vehicle. Small, the owner of the car, testified that (1) neither she nor her

husband knew Appellant, much less gave him permission to use the car; (2) it had been stolen five days before Appellant's arrest; and (3) when it was returned, it had been altered by damage to the rear, as if it had been "sideswiped," and damage to both doors. Further, the interior had been altered because it now reeked of marijuana. The parties stipulated that the car had been taken out-of-county from the victim, who lived in Collingdale, Pennsylvania. Viewing the totality of the evidence and all reasonable inferences derived therefrom in the light most favorable to the Commonwealth as verdict winner, this evidence demonstrates Appellant's knowledge that the car was stolen.

Appellant argues that the evidence does not establish his guilty knowledge:

> [With regard to] 1). alterations to the property indicative of theft —here, there was no damage to the car, which was being operated with its keys; 2). an attempt to flee apprehension—because Appellant had no license, a totally unrelated and independent motivation for his action, only by purest speculation can an inference of guilty knowledge be drawn from his flight; 3). recentness of the theft to suggest guilty knowledge—the car had been parked by the owner on October 29, 2018, and was found in Appellant's possession only on November 4, 2018, too far removed in time to satisfy this requirement; 4). geographic proximity between the location of the theft and where the property is discovered—no information was offered by the Commonwealth on this point; 5). indicia of ownership—the registration card for the vehicle was present; the absence of any such identification might notify an operator that a vehicle had been stolen, but here the card was in the glove box; 6). a mismatched license plate— this circumstance offers no evidence as to guilty knowledge on the part of the driver given the fact that the theft had occurred five days earlier. The presence of a plate not belonging to the vehicle is but one consideration in the evaluation of the circumstances

surrounding possession. This factor alone will not sustain a conviction if the circumstances treated as a whole do not establish sufficient evidence . . .

Appellant's Brief at 11-12.

Appellant's arguments turn the proper standard of review on its head by isolating and then viewing various evidentiary factors in the light most favorable to him. First, he states incorrectly that "there was no damage to the car" indicative of theft. *Id.* Small unequivocally testified that the car was not in the same condition as when she last saw it, since it looked like it was sideswiped in the back, and there was some damage to both doors. She also testified that the interior of the car was different from when she last saw the car because there was a pervasive stench of marijuana. Both Small and the arresting officer testified that the car no longer bore the original license plate but rather a different one that did not match the vehicle identification number, which was typewritten on the Pennsylvania vehicle registration card inside the vehicle. *Commonwealth v. Cross*, 335 A.2d 756, 757 (Pa. Super. 1975) (evidence that defendant had been observed operating stolen automobile, original license plate had been replaced, owner did not know defendant and had not given him permission to operate the vehicle was sufficient to sustain conviction for operating vehicle without owner's consent).

Next, Appellant maintains that five days between the theft of the car and its possession by Appellant "was too far removed in time" to demonstrate guilty knowledge. Appellant's Brief at 11. The law demonstrates, however,

that even longer periods between events are consistent with a finding of guilty knowledge. *Commonwealth v. Williams*, 362 A.2d 244, 250 (Pa. 1976) (twelve days);[1] *Commonwealth v. Hogan*, 468 A.2d 493, 498 (Pa. Super. 1983) (*en banc*) (four weeks is not so long as to preclude inference of guilty knowledge); *Commonwealth v. Walters*, 378 A.2d 1232, 1236–37 (Pa. Super. 1977) (guilty knowledge properly inferred by unexplained possession of stolen furniture six days after theft, where defendant fled to avoid police).

With regard to the location of the theft in comparison to where Appellant possessed the car, Appellant claims incorrectly that the Commonwealth offered no evidence on this point. The Commonwealth stipulated to testimony, and Appellant conceded on the record, that the car was taken from

---

[1] It appears that *Williams* is binding precedent. As we recently observed, subsequent to *Williams*,

> In . . . *Commonwealth v. Doman*, [] 416 A.2d 507 ([Pa.] 1980), the Supreme Court referred to *Williams* as a plurality decision. *Id.* at 509. A review of the *Williams* opinion, however, suggests that it was in fact a 6–1 majority decision, with four justices joining in the majority decision and two concurring in the result. Justice Eagan authored the majority decision with two justices (Jones, C.J. and O'Brien, J.) joining. Justice Pomeroy filed a concurring opinion in which he amplified on the constitutional history of the evidentiary presumption/inference at issue. In his concurring opinion, Justice Pomeroy agreed with both the majority's decision to reinstate the judgment of the trial court and Justice Eagan's reasons for doing so. *Williams*, 362 A.2d at 250–51 (Pomeroy, J., concurring).

*Commonwealth v. Robinson*, 128 A.3d 261, 267 n.3 (Pa. Super. 2015) (*en banc*).

Collingdale, Pennsylvania, in Delaware County, approximately six miles from where Philadelphia officers saw him speeding. This evidence contributed to the totality of the evidence against Appellant. ***Commonwealth v. Janda***, 14 A.3d 147, 155-157 (Pa. Super. 2011) (six-mile distance between crimes was close enough to create "logical connection between" multiple indictments charging receipt of stolen property).

Lastly, Appellant argues that he fled from police, first in a high-speed car chase for one-third of a mile and then in a foot chase of about equal length, because he "had no license," not because he knew the car was stolen. Appellant's Brief at 12. Appellant construes the evidence in the light most favorable to himself, but this Court must construe the evidence in the light most favorable to the Commonwealth. Viewed in this light, the evidence raises a strong inference that Appellant fled because he knew the car was stolen.

Not only did the foregoing evidence demonstrate knowledge that the car was stolen, but it also demonstrated consciousness of guilt, particularly the fact that he fled from police and hid in an alley. ***Commonwealth v. Laird***, 988 A.2d 618, 627 (Pa. 2010) (evidence of defendant's concealment following crime establishes an inference of consciousness of guilt).

For these reasons, Appellant's challenge to the sufficiency of the evidence of receiving stolen property is devoid of merit.

Dispositional order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 5/20/2020*