## Commonwealth *v.* Cross, Appellant.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Andrew G. Gay,* for appellant.

*David Richman, Larry D. Feldman, Mark Sendrow,* and *Stephen H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P.J., March 31, 1975:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Division, after conviction by a jury on a charge of operating a motor vehicle without the knowledge or consent of the owner or custodian thereof. Act of April 29, 1959, P.L. 58, §624, as amended; 75 P.S. §624 (5).

The Act in question reads as follows:

"It shall be unlawful for any person to commit any of the following acts: ... (5) to make use of or operate any motor vehicle or tractor without the knowledge or consent of the owner or custodian thereof."

The Commonwealth's evidence established that on September 21, 1967 an automobile owned by one Nathaniel Lynch had been stolen. On October 10, 1967, Mr. Lynch observed the appellant operating the automobile and he informed the police. Mr. Lynch did not know the appellant nor had he given him permission to operate the motor vehicle. The original license plate had been replaced.

The appellant made no effort to establish the owner's consent to operate the vehicle. He did exhibit a temporary

registration certificate to a female resident of Philadelphia, but at trial offered no testimony. The appellant relies on his contention that the Commonwealth failed to prove criminal intent on his part and relies on *Commonwealth v. Henderson,* 451 Pa. 452, 304 A. 2d 154 (1973), which was a case involving a conviction for receiving stolen goods. The court in reversing held at p. 455: "The crime of receiving stolen goods requires proof that the appellant knew that the property possessed was stolen."

The appellant also relies on *Commonwealth v. Unkrich,* 142 Pa. Superior Ct. 591, 16 A. 2d 737 (1940). This Court reversed the defendant's conviction for possession of automobiles with defaced serial numbers. It was held that because the defaced numbers were in a hidden part of the automobile and the appellant had compared the visible numbers with those on the title certificate and they corresponded, that it was unfair to convict without a showing by the prosecutor that he knew of the hidden numbers.

"Whether a criminal intent, or a guilty knowledge is a necessary ingredient of a statutory offense is a matter of construction to be determined from the language of the statute, . . ." 10 P.L.E. 22; *Commonwealth v. Fine,* 166 Pa. Superior Ct. 109, 113, 70 A. 2d 677 (1950).

As was said by the late Mr. Justice COHEN in *Commonwealth v. Koczwara,* 397 Pa. 575, 582, 155 A. 2d 825, 828 (1959):

"It is for the legislature to determine whether the public injury, threatened in any particular matter, is such, and so great as to justify an absolute and indiscriminate prohibition."

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.