## Commonwealth *v.* Grant, Appellant.

358

Argued June 11, 1974. Before WATKINS, P. J., HOFF-
MAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.
(JACOBS, J., absent).

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*John H. Isom,* Assistant District Attorney, with him *David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., June 24, 1975:

Appellant, Michael Grant, was tried before a judge sitting without a jury on September 6, 1973, and was found guilty of receiving stolen goods and operating a motor vehicle without the owner's consent. Post-trial motions in arrest of judgment and for a new trial were denied, and appellant was sentenced to concurrent terms of one and a half to three years in prison. Appellant now contends: that the record is inadequate to establish that he knowingly and voluntarily waived his right to a jury trial; that the evidence is insufficient to support his convictions; and that the court erred in imposing sentence on both indictments since the charges relate to the same act.

On April 30, 1973, a yellow Thunderbird belonging to Harvey Douglas, a Philadelphia police officer, was stolen from a repair shop. The theft was reported to the police, and the car's description and license plate number were put on the police "hot sheet." On May 17, 1973, a police officer observed appellant driving the car. He checked the hot sheet, found that the car was stolen, and

indicated to appellant to pull over. Appellant made no attempt to flee, but did as the officer requested. There were two passengers in the car, Joseph Robinson and Mary Rayford. The officer asked appellant for his driver's license and owner's card. Appellant produced a valid license, but he did not have the owner's card. According to the police officer, appellant explained that he did not have the owner's card because "the car belonged to a friend of his where he was going to get the owner's card." However, the officer said, appellant "did know the man's name and he did not know the [man's] address."

Appellant testified on his own behalf and denied knowing the car was stolen. He stated that Robinson had borrowed the car from a man named Jay or James at a bar down the street. Appellant had known James for about three years, and had seen him drive the car several times, but he did not know his last name. Robinson's purpose was to drive Rayford home. However, he was too intoxicated to drive, so appellant took the wheel. He had only been driving for three to five minutes when the officer stopped him. Rayford also testified, and generally corroborated appellant's testimony. The prosecution did not offer any rebuttal.

Appellant first contends that the record is inadequate to establish that he knowingly and voluntarily waived his right to a jury trial. Defense counsel conducted the colloquy, but he failed to inform appellant that if he asked for a jury, the jury would be chosen from members of the community, and he would be allowed to participate in their selection. In *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973), our Supreme Court held that for a jury waiver to be constitutionally acceptable the record must demonstrate that the accused "knew the essential ingredients of a jury trial which are necessary to understand the significance of the right he was waiving. These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from

members of the community, that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Id.* at 373, 312 A.2d at 600. It is therefore evident that the colloquy in the present case did not satisfy the requirements enunciated in *Williams.*

This case was tried, however, one month before the decision in *Williams* was handed down. In *Commonwealth v. Lockhart,* 227 Pa. Superior Ct. 503, 322 A.2d 707 (1974), this court stated: "We do not believe that the prophylactic rule in *Williams* to insure that jury waivers are knowing and voluntary should be applied to cases tried before its decision." *Id.* at 507, 322 A.2d at 709. Accordingly, the colloquy in the present case must be judged by pre-*Williams* standards.

In *Commonwealth v. Miranda,* 222 Pa. Superior Ct. 158, 292 A.2d 473 (1972), a case decided one year before *Williams,* the defendant was informed that if he asked for a jury, his case would be tried by twelve citizens who would all have to agree that he was guilty beyond a reasonable doubt before they could return a verdict of guilty. We held the colloquy adequate. The colloquy in the present case is almost identical to the colloquy in *Miranda.* Appellant was twenty-six years old and a high school graduate and said that he understood the meaning of a jury trial and that his decision to waive his right to a jury trial was made of his own free will. Judged by pre-*Williams* standards, this was enough to establish that appellant's waiver was knowing and voluntary.

Appellant next contends that the evidence was insufficient to support his convictions. In deciding this issue, the evidence must be regarded in the light most favorable to the Commonwealth, and the Commonwealth must be given the benefit of all reasonable inferences arising from it. *Commonwealth v. Herman,* 227 Pa. Superior Ct. 326, 323 A.2d 228 (1974); *Commonwealth v. Minor,* 227 Pa. Superior Ct. 343, 322 A.2d 717 (1974).

The crime of receiving stolen goods requires proof that the accused bought or received stolen property knowing or having reasonable cause to know it was stolen. Act of June 24, 1939, P.L. 872, §817; May 21, 1943, P.L. 306, §1, 18 P.S. §4817.[1] The element of guilty knowledge may be established by direct evidence or by circumstantial evidence. *Commonwealth v. Simmons*, 233 Pa. Superior Ct. 547, 336 A.2d 624 (1975). The fact that an accused possesses stolen property is not by itself sufficient circumstantial evidence to establish the requisite guilty knowledge. *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. Owens*, 441 Pa. 318, 271 A.2d 230 (1970); *Commonwealth v. Simmons, supra; Commonwealth v. Burke*, 229 Pa. Superior Ct. 176, 324 A. 2d 525 (1974); *Commonwealth v. Sheppard*, 229 Pa. Superior Ct. 42, 324 A.2d 522 (1974); *Commonwealth v. Allen*, 227 Pa. Superior Ct. 157, 324 A.2d 437 (1974). Here, the Commonwealth established that appellant possessed a car that had been stolen seventeen days earlier, but he did not have the owner's card, and that he explained his failure to have the card by saying that the car belonged to a friend of his ("he did know the man's name, and he did not know the [man's] address"). In *Commonwealth v. Henderson, supra,* the defendant was arrested when a police officer observed him driving a Volkswagen that had been stolen two to three weeks earlier. The car had a stolen license plate affixed to the rear bumper. The defendant was able to produce a valid driver's license, but he did not have the owner's card. He explained that he had borrowed the car from a recent acquaintance, who had earlier in the day been helping in a move from one apartment to another, and whose name he only knew as "Richard." We affirmed the conviction,

---

1. This Act was repealed by the new Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §3925. The new Crimes Code, however, does not govern this case because it became effective on June 6, 1973, after the commission of the alleged crime.

219 Pa. Superior Ct. 454, 281 A.2d 777 (1971), but the Supreme Court reversed, finding the evidence insufficient to prove guilty knowledge. Since the facts of the present case are indistinguishable from those in *Henderson*,[2] we must reverse appellant's conviction for receiving stolen goods.

Appellant's last contention concerns his conviction of operating a motor vehicle without the knowledge or consent of the owner. Act of April 29, 1959, P.L. 58, §624; August 27, 1963, P.L. 1353, §1, 75 P.S. §624(5). Appellant argues that if the evidence was insufficient to establish that he knew the car was stolen, as we have held it was, it was also insufficient to prove that he knew the owner did not consent to its use. The definition of the crime of operating without consent, however, unlike the definition of the crime of receiving stolen goods, does not include an express requirement of guilty knowledge. The statute simply provides: "It shall be unlawful for any person to commit any of the following acts: ... (5) to make use of or operate any motor vehicle or tractor without the knowledge or consent of the owner or custodian thereof." *Id.*

Ordinarily criminal intent or guilty knowledge is an essential element of a criminal offense. *Commonwealth v. Junkin*, 170 Pa. 194, 32 A. 617 (1895); *Commonwealth v. Weiss*, 139 Pa. 247, 21 A. 10 (1891); *Commonwealth v. Morakis*, 208 Pa. Superior Ct. 180, 220 A.2d 900 (1966); *Commonwealth v. Fine*, 166 Pa. Superior Ct. 109, 70 A.2d 677 (1950). However, the legislature may define

---

2. The Commonwealth has argued that this case is different from *Henderson* because here appellant's pre-trial story differed from his in-court explanation, showing that appellant was lying when arrested and therefore knew the car was stolen. However, if there was any difference between what appellant told the arresting officer and appellant's testimony, it concerned only the destination of the car, and on this point the record is ambiguous rather than inconsistent.

a crime so that proof of criminal intent or guilty knowledge is not necessary. *Commonwealth v. Morakis, supra; Commonwealth v. Fine, supra.* "It is for the legislature to determine whether the public injury, threatened in any particular matter, is such and so great as to justify an absolute and indiscriminating prohibition." *Commonwealth v. Koczwara*, 397 Pa. 575, 582, 155 A.2d 825, 828 (1959), *cert. denied*, 363 U.S. 848 (1960), quoting from *Commonwealth v. Weiss, supra* at 251, 21 A. at 10. Therefore, whether criminal intent or guilty knowledge is a necessary ingredient of a statutory offense is a matter of construction, to be determined from the language of the statute and from its manifest purpose and design. *Commonwealth v. Koczwara, supra; Commonwealth v. Weiss, supra; Commonwealth v. Fine, supra.*

In *Commonwealth v. Cross*, 232 Pa. Superior Ct. 496, 335 A.2d 756 (1975), we recently construed the statute in question. We held[3] that criminal intent or guilty knowledge was not an element of the crime; all that need be established is that the accused drove the car without the owner's knowledge or permission. Here, appellant admitted driving the car, and since the car was stolen he did not have the owner's consent. The evidence was therefore sufficient under *Cross* to support his conviction.

The only remaining question is whether we should remand for resentencing. It will be recalled that the trial judge sentenced the appellant to one and a half to three years for receiving stolen goods, and imposed the same sentence for operating a motor vehicle without the owner's consent, the sentences to run concurrently. In *Commonwealth v. Lockhart*, 223 Pa. Superior Ct. 60, 296 A.2d 883 (1972), we stated the procedure to be followed in a case where one of two or more convictions has been held invalid: " 'When the invalidity of the conviction on one count which may have influenced the sentence be-

---

3. SPAETH, J., concurred in the result.

comes apparent on an appeal, ... the proper course is usually to vacate the sentences and remand for resentencing on the valid counts without consideration of the invalid one.'" *Id.* at 65, 296 A.2d at 886, quoting *McGee v. United States,* 462 F.2d 243, 246 (2d Cir. 1972) (FRIENDLY, C.J.). In the present case, appellant has a record, which includes a number of convictions for stealing a car or for driving without the consent of the owner, and it is clear from the colloquy at the sentencing hearing that if we were to remand, not only would the same sentence be imposed, but the sentence would be an appropriate one. In these circumstances, a remand would be a mere procedural exercise.

The judgment of sentence for receiving stolen goods is vacated and the judgment of sentence for driving a motor vehicle without the consent of the owner is affirmed.

VAN DER VOORT, J., concurs in the result.

WATKINS, P.J., dissents.