369 A.2d 341
**COMMONWEALTH of Pennsylvania**
v.
**Richard CAESAR, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Nov. 22, 1976.

158

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

Following a non-jury trial in July, 1975, appellant was convicted of unauthorized use of an automobile.[1] Post-trial motions were denied, and appellant was sentenced to a prison term of six to twenty-three and one-half months. This appeal followed. For reasons hereinafter set forth, we reverse.

The factual history of the case can be summarized as follows: On January 6, 1975, appellant was observed operating a 1966 Buick which was listed on a police "hot sheet" for stolen cars. Officer Frederick Evans pursued the vehicle and, by blowing his horn, signalled appellant to stop. Appellant continued on for approximately one and one-half blocks before pulling over. It was not established whether or not appellant was attempting to evade Officer Evans, since it appears that due to traffic and street design, it may have been impractical for appellant to stop sooner without blocking traffic. In any event, it is clear that appellant cooperated fully when he

1. Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 3928 (1973) provides:
   "A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner."

was informed that the car was listed as stolen. Appellant testified that a man by the name of Paul Roy, who appellant had seen driving the car the previous week, had loaned him the car. He also testified that when arrested, he had informed the officer of having borrowed the car from Roy. This point was rebutted by Officer Evans who testified that upon his arrest, appellant stated that his female passenger "had nothing to do with it," (N.T. 19), but did not mention Roy.

The following facts were stipulated to by counsel: (1) The owner of the car was Mr. Pietro Lauini, (2) Mr. Lauini had not given appellant permission to drive the automobile, (3) The automobile was reported as stolen on December 11, 1974, and (4) Appellant was incarcerated at the Philadelphia Detention Center from December 8 until December 14, 1974.

Upon the above facts, the trial judge found appellant guilty of unauthorized use of an automobile. Hence this appeal.

Appellant contended in post-trial motions, and now argues on appeal, that the evidence presented was not sufficient to prove beyond a reasonable doubt the fact that appellant knew the automobile was stolen or that he knew he did not have permission of the owner to operate the automobile. In its opinion, the lower court responded to this contention by stating that mens rea is not an element of the crime of unauthorized use of an automobile. In so holding, the court relied on *Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975), and *Commonwealth v. Cross*, 232 Pa.Super. 496, 335 A.2d 756 (1975), in which we held that the crime of unauthorized use under the Motor Vehicle Code,[2] which preceded the Crimes Code under which appellant was charged, did not require a showing of mens rea. The court was apparently

2. Act of April 29, 1959, P.L. 58, § 624; August 27, 1963, P.L. 1353, § 1, 75 P.S. § 624(5).

unaware of our recent decision, *In re Waldron,* 237 Pa. Super. 298, 353 A.2d 43 (1975), in which we distinguished the elements of the crime of unauthorized use of an automobile under the Motor Vehicle Code, from the elements of the same crime as set forth in the Crimes Code. In holding that guilty knowledge is a necessary element under the Crimes Code, we said:

"In *Commonwealth v. Cross,* 232 Pa.Super. 496, 335 A.2d 756 (1975), we construed Section 624(5) to mean that criminal intent or guilty knowledge was not an essential element of the offense; and that a conviction would be sustained if the Commonwealth merely established that the defendant operated the vehicle without the owner's knowledge or permission. Accord: *Commonwealth v. Grant,* 235 Pa.Super. 357, 341 A.2d 511 (1975). In view of the obvious similarities between 75 P.S. § 624(5) and 18 Pa.C.S. § 3928, it would appear at first blush that our decisions in *Cross* and *Grant* are controlling as to the instant appeal. However, our examination and analysis of the Crimes Code leads us to conclude that proof of mens rea or guilty knowledge is essential to establish the material elements of Section 3928." *Id.* at 305, 353 A.2d at 47 (footnotes omitted).

It thus becomes clear that the Commonwealth *was* required to prove that appellant either knew that the automobile was stolen, or knew that he did not have the owner's permission to operate the automobile. Having carefully reviewed the evidence, we now hold that the Commonwealth failed to meet its burden in proving such knowledge.

The test for sufficiency of the evidence is whether, in reviewing the evidence in a light most favorable to the Commonwealth, together with all reasonable inferences therefrom, the evidence is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Il-*

*genfritz,* 466 Pa. 345, 353 A.2d 387 (1976). While there is seldom direct evidence of guilty knowledge, that element may be inferred if the underlying circumstantial evidence is sufficiently strong. *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972). In determining whether or not there is sufficient proof of guilty knowledge, we will consider among other factors, whether possession of the stolen property is *unexplained,* whether the property was *recently* stolen,[3] and whether the accused's *conduct at the time of his arrest* is indicative of guilty knowledge. *Commonwealth v. Williams,* 468 Pa. 357, 362 A.2d 244 (1976).

In the case at bar, appellant offered an explanation for his possession of the automobile, which explanation was basically unanswered by the Commonwealth. In addition, the automobile was reported stolen nearly four weeks prior to the date appellant was arrested, and it was clearly established that appellant was incarcerated at the time the theft reportedly took place. As to appellant's conduct at the time of his arrest, it was shown that appellant continued to drive for a block and a half before pulling over pursuant to Officer Evans' direction. In view of the method used to pull appellant over, (Officer Evans blew his horn from a distance of 3–4 car lengths), and the fact that it may have been somewhat impractical to stop immediately, a conclusion that this conduct evidenced guilty knowledge would be conjectural at best,[4] especially in light of the trial court's finding that appellant

3. The court in *Commonwealth v. Williams,* supra, held that possession of an automobile 12 days after the theft was "recent," as compared to *Commonwealth v. Henderson,* 451 Pa. 452, 304 A.2d 154 (1973), in which it was held that possession of a stolen vehicle two and one-half weeks after the theft did not give rise to an inference of guilty knowledge. The court also pointed out in *Williams* that the accused had taken evasive action whereas he did not do so in *Henderson.*

4. In *Commonwealth v. Williams,* supra, in which the evidence was held to be sufficient, the accused had taken immediate and obvious evasive action.

was fully cooperative with the police upon being informed that the car was stolen.

The only fact proved by the Commonwealth that could conceivably give rise to an inference of guilty knowledge is appellant's statement that his female companion "had nothing to do with it." This statement, standing alone as it does, is not sufficient to sustain the Commonwealth's burden of proof. There simply are no other circumstances present in this case, as there were in *Commonwealth v. Williams*, supra, to show that appellant had reason to know the car was stolen. The age of the automobile itself (10 years) would certainly not cause appellant to suspect that Mr. Roy had stolen it, especially since, as appellant testified, he had seen Roy driving the automobile during the week before he borrowed it.

Although as pointed out earlier, the trial court mistakenly believed that guilty knowledge was not an element which the Commonwealth was required to prove, we believe that even if the court had applied the proper elements of the crime of unauthorized use of an automobile, it could not reasonably have concluded that the element of guilty knowledge was proved beyond a reasonable doubt. The Commonwealth simply failed to meet its burden. To say that they had done so in this case would in effect be placing the burden on the accused to prove his innocence. This we cannot do.

Judgment of sentence reversed, and appellant discharged from custody on the charge herein.

VAN der VOORT, J., concurs in the result.

PRICE, J., dissents.