421 A.2d 339

COMMONWEALTH of Pennsylvania

v.

Robert UTTER, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 1, 1980.

John W. Packel, Chief, Appeals, Assistant Public Defender, Leonard Sosnov, Assistant Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and EAGEN,* JJ.

WICKERSHAM, Judge:

Following a non–jury trial, appellant, Robert Utter, was found guilty of unauthorized use of a motor vehicle. Post–verdict motions were denied and appellant was sentenced.[1] On appeal, Utter contends that the evidence was insufficient to sustain the verdict. We disagree and, accordingly, affirm the judgment of sentence.

The pertinent facts are as follows. On March 27, 1978, at approximately 10:00 p. m., two Philadelphia police officers stopped a van driven by Utter for speeding. Appellant was unable to produce a driver's license or vehicle registration card but claimed that the van belonged to a friend in New Jersey. One of the officers then checked the vehicle's status and found that it had been reported stolen on December 3, 1977.

At trial, it was stipulated that the owner of the van did not know appellant and did not give him or anyone else permission to operate it. Appellant, however, denied knowing that the van was stolen. He asserted that it was left in his care by his former employer, John McNamara, who he claimed suddenly had to leave for California. Appellant further testified that he was unable to locate McNamara and believed that he was still in California.

Appellant contends that the evidence was not sufficient to support a conviction for unauthorized use of a vehicle because the Commonwealth failed to establish the requisite intent. Section 3928 of the Crimes Code defines unauthorized use as follows:

(a) Offense defined.–A person is guilty of a misdemeanor of the second degree if he operates the automobile, air-

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. To not less than three to twenty–three months.

plane, motorcycle, motorboat, or other motor–propelled vehicle of another without consent of the owner.

(b) Defense.–It is a defense to prosecution under this section that the actor reasonably believed that the owner would have consented to the operation had he known of it. 18 Pa.C.S.A. § 3928

This court held in the seminal case of *In re Waldron*, 237 Pa.Super. 298, 305, 353 A.2d 43, 47 (1975), "... that proof of mens rea or guilty knowledge is essential to establish the material elements of Section 3928" and concluded that "... the requisite kind of culpability 'is established if a person acts intentionally, knowingly or recklessly ...' "[2]

The well settled test for sufficiency of the evidence is whether, viewing all the evidence in a light most favorable to the Commonwealth, together with all the inferences therefrom, the trier of fact could have found that each element of the crime charged had been proven beyond a reasonable doubt. *Commonwealth v. Liddick*, 485 Pa. 121, 401 A.2d 323 (1979). Appellant's intent may be established by circumstantial evidence since there is rarely any direct evidence of one's subjective state of mind. *In Interest of DelSignore*, 249 Pa.Super. 149, 375 A.2d 803 (1977).

The evidence shows that the van was stolen, that the owner of the van did not give appellant permission to use it, and that appellant was unable to produce a driver's license

---

2. Appellant contends that the Commonwealth must prove that he either *knew* that the vehicle was stolen or that he *knew* that he did not have the owner's permission to operate it. (emphasis added). Appellant's argument that actual knowledge is the necessary mental intent is supported by *Commonwealth v. Caesar*, 245 Pa.Super. 157, 369 A.2d 341 (1976). *Caesar*, however, clearly purported to follow the holding of *Waldron* and actually cited the analysis of *Waldron* as its sole authority. *Commonwealth v. Caesar, supra*, 245 Pa.Super. at 161, 369 A.2d at 343. Inexplicably, *Caesar* deleted the "reckless" degree of culpability so plainly enunciated in *Waldron*.

We find the analysis of *Waldron* to be controlling, relying as it does on the plain wording of Section 302(c) of the Crimes Code: Culpability required unless otherwise provided.–When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto.

or a registration card. Moreover, and most significant to our holding, is the trial judge's findings that appellant possessed the requisite knowledge and twice noted in his opinion that appellant's explanation of the circumstances of his possession of the van was "implausible" and "questionable." (Lower ct. op. at 2, 3). Since we believe that the determination of mens rea depends heavily upon the witnesses' credibility, we give great weight to the lower court's finding.

Judgment of sentence affirmed.