468 A.2d 493

**COMMONWEALTH of Pennsylvania**

v.

**Andre HOGAN, Appellant.**

Superior Court of Pennsylvania.

Argued July 12, 1983.

Filed Nov. 10, 1983.

310

Karl Baker, Assistant Public Defender, Philadelphia, for appellant.

Sarah B. Vandenbraak, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER, CAVANAUGH, WICKERSHAM, ROWLEY, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

The sole issue in this appeal is whether evidence of the unexplained operation of a motor vehicle by an unlicensed person twenty-eight days after the vehicle had been stolen was sufficient to sustain a conviction of that person for unauthorized use of the vehicle.

On May 1, 1981, a 1973 Oldsmobile owned by Harry Sherman was stolen in Elkins Park, Montgomery County. On May 29, 1981, Andre S. Hogan was stopped by Officer Dale Braun when Hogan drove the stolen Oldsmobile through a red traffic signal at Limekiln Pike and Haines Road in Philadelphia. When requested to do so by the arresting officer, Hogan was unable to produce the owner's card or a driver's license. An official inquiry disclosed that the vehicle had been stolen, and Hogan was arrested and charged with theft by receiving stolen property and unauthorized use of a vehicle. The owner did not know Hogan and had not granted him permission to use the vehicle. Hogan was tried before a court sitting without a jury, and

on the basis of such evidence was found guilty of unauthorized use of an automobile.[1]  Post-trial motions were denied,[2] and a fine and sentence of probation were imposed. Hogan appealed.  We affirm.

" 'The test of sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the [trier of fact] could properly have based [the] verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted.' " *Commonwealth v. Minoske,* 295 Pa.Super. 192, 198, 441 A.2d 414, 417 (1982) quoting *Commonwealth v. Frye,* 433 Pa. 473, 481, 252 A.2d 580, 584 (1969).  Accord: *Commonwealth v. Giles,* 500 Pa. 413, 415, 456 A.2d 1356, 1357 (1983); *Commonwealth v. Wilcox,* 310 Pa.Super. 331, 336, 456 A.2d 637, 639 (1983).  In reviewing the evidence, we must consider it in the light most favorable to the Commonwealth, which won the verdict in the trial court. *Commonwealth v. Durrant,* 501 Pa. 147, 151, 460 A.2d 732, 733 (1983); *Commonwealth v. Bachert,* 499 Pa. 398, 402–03, 453 A.2d 931, 933 (1982); *Commonwealth v. Kennedy,* 499 Pa. 389, 392–93, 453 A.2d 927, 928 (1982).

The offense of unauthorized use of an automobile is defined at 18 Pa.C.S. § 3928 as follows:

> (a) Offense defined.—A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.

> (b) Defense.—It is a defense to prosecution under this section that the actor reasonably believed that the owner would have consented to the operation had he known of it.

1.  A demurrer was sustained to a charge of theft by receiving stolen property.  The propriety thereof is not before this Court for review.

2.  The issue of sufficiency of the evidence was preserved by oral post-verdict motions made at the conclusion of the trial pursuant to Pa.R.Crim.P. 1123(b).  See: *Commonwealth v. Von Aczel,* 295 Pa.Super. 242, 245 n. 1, 441 A.2d 750, 751 n. 1 (1981).

This section was derived from Section 223.9 of the Model Penal Code and was intended to meet a "... need for a nonfelony sanction against the disturbing and dangerous practice of driving off a motor vehicle belonging to another. Such joyriding jeopardizes the vehicle itself, a considerable amount of temptingly mobile property, and, since the circumstances are conducive to irresponsible behavior in the operation of the vehicle, jeopardizes the lives of the riders and others." American Law Institute, Model Penal Code and Commentaries (Official Draft and Revised Comments, 1980) § 223.9, Comment 1, p. 271.

Ordinarily, criminal intent or guilty knowledge is an essential element of a criminal offense, although the legislature may define a crime so that proof of criminal intent or guilty knowledge is unnecessary. *Commonwealth v. Koczwara*, 397 Pa. 575, 582, 155 A.2d 825, 828 (1959), *cert. denied*, 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960); *Commonwealth v. Grant*, 235 Pa.Super. 357, 364–365, 341 A.2d 511, 515 (1975). The section of the Crimes Code which defines the offense of unauthorized use of an automobile does not define the kind of culpability which is essential to convict. However, the legislature has provided at 18 Pa.C.S. § 302(c) that in such event the mental element or mens rea will be established by proof that a person has acted intentionally, knowingly or recklessly. See: *Commonwealth v. Utter*, 279 Pa.Super. 557, 559, 421 A.2d 339, 340 (1980). To the extent that language in prior decisions of this Court can be read as interpreting the statute to require proof of guilty "knowledge," such language is expressly disapproved.[3] Recklessness is the minimum culpability necessary with respect to the lack of the owner's consent. A person acts recklessly with respect to such lack of consent if he consciously disregards a substantial and unjustifiable risk that the owner has not consented. See: 18 Pa.C.S. § 302(b)(3). A mistake as to whether the

3. See, e.g., *Commonwealth v. Williams*, 284 Pa.Super. 244, 425 A.2d 795 (1981) and *Commonwealth v. Randall*, 287 Pa.Super. 479, 430 A.2d 991 (1981).

owner has actually consented is a defense only if the mistake operates to eliminate the element of recklessness. See: American Law Institute, Model Penal Code and Commentaries (Official Draft and Revised Comments, 1980) § 223.9, Comment 3, p. 274.

■ The necessary knowledge or recklessness may be demonstrated by circumstantial evidence. See: *Commonwealth v. Doman*, 490 Pa. 355, 358, 416 A.2d 507, 509 (1980); *Commonwealth v. Randall*, 287 Pa.Super. 479, 482, 430 A.2d 991, 993 (1981); *Commonwealth v. Utter, supra*, 279 Pa.Super. at 559, 421 A.2d at 341. See also: *Commonwealth v. Williams*, 468 Pa. 357, 365, 362 A.2d 244, 248 (1976); *Commonwealth v. Shaffer*, 447 Pa. 91, 105–106, 288 A.2d 727, 735–736 (1972), *cert. denied*, 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972); *Commonwealth v. Wilcox, supra*, 310 Pa.Super. at 337, 456 A.2d at 640; *Commonwealth v. Lloyd*, 239 Pa.Super. 273, 361 A.2d 430 (1976); *State v. Costello*, 546 S.W.2d 22, 23 (Mo.App.1976); *Banks v. State*, 2 Md.App. 373, 376–77, 234 A.2d 798, 800 (1967).

An inference of *guilty knowledge*, the decided cases have held, may be drawn from the *unexplained* possession of recently stolen goods. *Commonwealth v. Williams, supra* 468 Pa. at 365–366, 362 A.2d at 248–249; *Commonwealth v. Thomas*, 305 Pa.Super. 158, 164–65, 451 A.2d 470, 473 (1982); *Commonwealth v. Randall, supra*, 287 Pa.Super. at 482, 430 A.2d at 993. See also: *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *Commonwealth v. Jones*, 314 Pa.Super. 515, 519, 461 A.2d 276, 278 (1983); *Commonwealth v. Wilson*, 312 Pa.Super. 77, 80, 458 A.2d 244, 245 (1983). "The strength of the underlying evidence, in cases where the inference is drawn from unexplained possession of recently stolen goods, is dependent on whether possession is recent and how recent the possession is, as well as, an understanding of what is meant by unexplained." *Commonwealth v. Williams, supra* 468 Pa. at 366, 362 A.2d at 248–249. With respect to the inference, the Supreme Court said further:

"Recent" is a relative term. Whether possession is recent, and how recent it is, are normally questions of

fact for the trier of fact, *Barnes v. United States, supra,* 412 U.S. at 840, n. 3, 93 S.Ct. at 2360, n. 3; *Pendergrast v. United States,* 135 U.S.App.D.C. 20, 416 F.2d 776, 790 (1969) cert. denied, 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243 and require that the trier of fact consider the nature and kind of goods involved, the quantity of goods, the lapse of time from theft and possession, and the ease with which such goods can be assimilated into trade channels, as well as other circumstances relevant in any given case. *Commonwealth v. McFarland, supra* [452 Pa. 435, 308 A.2d 592 (1973)]; *Commonwealth v. Shaffer, supra; Commonwealth v. Turner, supra* [456 Pa. 116, 317 A.2d 298 (1974)].

So too, whether possession of goods is unexplained is also a question of fact. This is so because normally the Commonwealth will not offer an explanation for the accused's possession; but even if the accused fails to offer evidence, the trier of fact may still consider the circumstances of possession as presented by the Commonwealth as suggesting an explanation for the possession. But if the trier of fact does not so consider the circumstances, he may then consider the possession as unexplained where the accused offers no evidence of explanation. This is not an infringement on the accused's right against self-incrimination, *Barnes v. United States, supra,* and while the practical effect of allowing the inference from unexplained possession may in many cases be to shift the burden of coming forward with the evidence, at least as to receiving stolen goods and the inference of guilty knowledge, it is permissible so long as the inference is considered in accordance with the burden on the Commonwealth to establish every element of the crime beyond a reasonable doubt. *Barnes v. United States, supra,* 412 U.S. at 846, n. 11, 93 S.Ct. at 2363, n. 11. Moreover, even if the accused offers an explanation, the trier of fact may consider the possession as unexplained if he determines the explanation is unsatisfactory. *Barnes v. United States, supra* [412 U.S.] at 845, n. 9, 93 S.Ct. at 2362, n. 9.

Finally, other circumstances involved in any given case may also be considered by the trier of fact in determining if the inference may properly be drawn from the unexplained possession. Amongst such circumstances are the accused's conduct at arrest and his conduct while in possession of the goods, as well as, the accused's relationship, if any, with the victim of the theft. *Commonwealth v. Henderson, supra* [451 Pa. 452, 304 A.2d 154 (1973)]; *Commonwealth v. Shaffer, supra.*

Once the inference is properly drawn by the trier of fact and pursuant to the understanding that it cannot be drawn unless he is convinced that the unexplained possession is so recent as to convince him of the inferred fact beyond a reasonable doubt and his conviction of the same is not weakened below this standard by other circumstances, an appellate court may not reverse unless, after considering the evidence, it believes a juror or judge, acting in a reasonable and rationale manner, could not have been convinced beyond a reasonable doubt.

*Id.* 468 Pa. at 366–368, 362 A.2d at 249. Accord: *Commonwealth v. Randall, supra* 287 Pa.Super. at 482–483, 430 A.2d at 993.

■■■ If the unexplained possession of recently stolen property will support an inference of *guilty knowledge* of its theft, will it not support with even greater strength an inference of *recklessness* with respect to the owner's lack of consent to operate a recently stolen automobile? The answer is obvious, and so this Court has held. See: *Commonwealth v. Randall, supra; Commonwealth v. Utter, supra.* See also: *State v. Costello, supra* at 24. The likelihood of innocent, non-reckless use of a vehicle which has been recently stolen is minimal, and in the rare instance in which it is, possession can easily be explained. Therefore, it is not unreasonable, and it does not infringe upon an accused's privilege against self-incrimination to require him to come forward with such evidence, so long as the burden of proving each and every element of the offense beyond a reasonable doubt remains permanently on the Commonwealth. *Barnes v. United States, supra; Commonwealth*

*v. Williams, supra* 468 Pa. at 365–366, 362 A.2d at 249. See also: *People v. McCaleb,* 25 N.Y.2d 394, 306 N.Y.S.2d 889, 255 N.E.2d 136 (1969).

■ In the instant case, appellant was stopped for violating a traffic signal while driving a vehicle which had been stolen four weeks previously. Not only was he unable to produce an owner's card, but he had no operator's license. Under these circumstances, it was not irrational to infer that he knew or should have known that he did not have the owner's consent to operate the vehicle. It was not unreasonable to expect that appellant, if an explanation for his fortuitous possession of the stolen car had been available, would communicate that explanation when he was accused of unauthorized use. In the absence of any explanation, the trier of the facts could reasonably infer that appellant knew that he did not have the owner's consent or, at the very least, that he had recklessly disregarded the probability that he did not have the owner's consent. See: *State v. Couet,* 71 Wash.2d 773, 775–77, 430 P.2d 974, 976 (1967).

■ Appellant contends that his possession of the vehicle four weeks after its theft was too distant to permit a legitimate inference of culpability. However, this was a question of fact for the trier of facts. See and compare: *Commonwealth ex rel. Chatary v. Nailon,* 416 Pa. 280, 283, 206 A.2d 43, 45 (1965); *Commonwealth v. Thomas, supra* 305 Pa.Super. at 164–65, 451 A.2d at 473; *Commonwealth v. Randall, supra* 287 Pa.Super. at 484, 430 A.2d at 993. We cannot say that as a matter of law a period of four weeks was so great as to render impermissible the inference of guilty knowledge or recklessness. See: *United States v. Wolfenbarger,* 426 F.2d 992 (6th Cir.1970) (two months); *Hale v. United States,* 410 F.2d 147 (5th Cir.1969), *cert. denied,* 396 U.S. 902, 90 S.Ct. 216, 24 L.Ed.2d 179 (1969) (six months). See also and compare: *Commonwealth v. Doman, supra* (twenty days sufficiently recent to sustain conviction for unauthorized use of vehicle based on unexplained possession); *Commonwealth v. Randall, supra* (three weeks sufficiently recent to permit inference of mens rea in conviction for unauthorized use of vehicle);

*State v. Costello, supra* (twenty days sufficiently recent to support inference that appellant was aware of lack of owner's consent); *State v. Couet, supra* (evidence that appellant was in possession of car stolen three weeks earlier was sufficient to support inference that defendant was aware of the owner's lack of consent).

Appellant also argues that an inference of guilty knowledge or recklessness was improper because he did not attempt to flee the arresting officer and because the vehicle was not in a damaged condition. Appellant's conduct when stopped for a traffic violation, although a relevant circumstance, did not preclude an inference of guilty knowledge or recklessness. The weight to be given to the evidence was for the trier of fact. Similarly, the undamaged condition of the vehicle had little, if any, probative value regarding the state of mind of the operator and did not militate against an otherwise proper inference of guilty knowledge or reckless indifference regarding the absence of the owner's consent.

Having reviewed the record, as well as the arguments advanced by appellant, we are unable to say that the trial court's finding of guilt was irrational or unsupported by circumstantial evidence produced by the Commonwealth. The court's finding of guilty, therefore, will not disturbed.

The judgment of sentence is affirmed.