J-A01023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EDDY L. COX | |
| Appellant | No. 2783 EDA 2014 |

Appeal from the Judgment of Sentence June 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0007568-2014

BEFORE: LAZARUS, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                                     **FILED MAY 19, 2016**

Eddy L. Cox appeals from the June 6, 2014, judgment of sentence entered in the Philadelphia County Municipal Court ("municipal court"), as confirmed by the Philadelphia County Court of Common Pleas ("*certiorari court*") on September 18, 2014, following the denial of Cox's petition for writ of *certiorari* from his municipal court conviction on one count of unauthorized use of an automobile.[1] On June 6, 2014, the municipal court sentenced Cox to six months' probation. On appeal, Cox raises sufficiency and evidentiary issues. For the reasons below, we vacate the judgment of sentence and remand for new proceedings.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3928(a).

The *certiorari* court, in its review of the municipal court's verdict, set forth the facts and procedural history as follows:

> On March 9, 2014, the defendant, Eddy Cox, was driving a vehicle on his way to a gas station when he was pulled over by [Police Officer Michelle Barker]. [Officer Barker] pulled over [Cox] because there was a "hit" on the license plate of the vehicle indicating that it was stolen. The vehicle [Cox] was driving had Virginia license plates on it. [Cox] did not produce any registration for the car. However, [he stated] that he was never asked for such documents. [Cox] stated that the car belonged to his girlfriend but he did not give [Officer Barker] her name, nor did he provide her contact information or contact her himself. A defense witness testified that [Cox]'s alleged girlfriend was located approximately three minutes away at [Cox]'s sister's house when these events transpired. [Cox]'s sister testified at trial that the woman from whom [Cox] acquired the vehicle was indeed his girlfriend, that she had recently been to Virginia, and that she returned from Virginia with the vehicle in question. The owner of the vehicle did not take the stand to testify that it was his car or that [Cox] lacked permission to operate the car. Additionally, no affidavit of ownership and non-admission was made. Detective [Linda] Carter[, an investigating officer,] testified that after receiving the hit on the license plate, she called a police station in Virginia where an officer informed her that the car had been stolen and that there was a warrant out for a woman in relation to the vehicle. The car was reported stolen on March 3, 2014. Detective Carter further stated that she was faxed a copy of the [National Crime Information Center ("NCIC")] police report for the stolen car and, with information from that report, called the owner of the car. Detective Carter testified that the owner of the vehicle was a resident of Virginia named James Brown and that Brown did not know [Cox], nor was [Cox] authorized to use the car.[2] The police report obtained by Detective Carter was admitted into evidence.

_____

[2] A review of the notes of testimony reveals Detective Carter did not testify about the owner's identity or what he said. ***See*** N.T., 6/6/2014, at 22. However, it appears Cox admitted to these facts in his petition for writ of *certiorari*. ***See*** Cox's Petition for Writ of *Certiorari*, 7/7/2014, at ¶ 3.

…

On March 9, 2014, [Cox] was charged with receiving stolen property under 18 Pa. Const. Stat. § 3925(a) and the unauthorized use of an automobile under 18 Pa. Const. Stat. § 3928(a). The charge of receiving stolen property was dismissed at a preliminary hearing on April 4, 2014. On June 6, 2014, a trial was held in the Philadelphia Municipal Court and, based on the evidence, [Cox] was found guilty of the unauthorized use of an automobile. [Cox] was sentenced to six months of reporting probation. On July 7, 2014, [Cox] filed a Writ of Certiorari to the Philadelphia Court of Common Pleas on multiple grounds. First, [Cox] argued that the trial court erred in allowing hearsay evidence in regards to the stolen status and ownership of the vehicle. Second, [Cox] argued that there was insufficient evidence as a matter of law to find [him] guilty of the unauthorized use of an automobile because the Commonwealth did not produce proper, non-hearsay evidence, that [Cox] either knew the vehicle was stolen or that he did not have the proper owner's permission to drive it. Lastly, [Cox] argued that his Due Process rights were violated via the Confrontation Clause because the trial court relied on testimonial, hearsay evidence without the declarant present for cross-examination. On September 18, 2014, a hearing was held and certiorari was denied. [Cox] filed a timely appeal of the denial of his Writ of Certiorari on September 27, 2014 as well as his Statement of Matters Complained on Appeal on December 22, 2014.

*Certiorari* Court Opinion, 3/30/2015, at 1-3 (record citations omitted).

Based on the procedural posture of this case, we begin with the following:

Pennsylvania Rule of Criminal Procedure 1006(1)(a) provides that a defendant convicted in Philadelphia Municipal Court has the right to request either a trial *de novo* or file a petition for a writ of *certiorari* with the Philadelphia Court of Common Pleas. This Court has held that when a defendant files a petition for a writ of *certiorari*, the Philadelphia Court of Common Pleas sits as an appellate court.

*Commonwealth v. Coleman*, 19 A.3d 1111, 1118-1119 (Pa. Super. 2011) (citations omitted).[3]  "[A] defendant is legally required to raise all claims in a writ of *certiorari* pertaining to the proceedings in the municipal court, or they will be considered waived on appeal."  *Commonwealth v. Williams*, 125 A.3d 425, 431 (Pa. Super. 2015) (citation omitted).  Moreover,

> [a] lower court's decision on the issuance of a writ of *certiorari* will not be disturbed absent an abuse of discretion.  *Certiorari* provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law.  Questions of fact, admissibility, sufficiency or relevancy of evidence questions may not be entertained by the reviewing court on *certiorari*.  A petition for a writ of *certiorari* provides an aggrieved party an alternative to a trial *de novo* in the Court of Common Pleas.

*Commonwealth v. Elisco*, 666 A.2d 739, 740-741 (Pa. Super. 1995) (citations omitted).  When a writ of *certiorari* is denied, as in the present

---

[3]  A panel of this Court explained the difference between the two options as follows:

> "A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court."  *Commonwealth v. Menezes*, 2005 PA Super 90, 871 A.2d 204, 207 n.2 (Pa. Super. 2005).  These options are mutually exclusive.  Pa.R.Crim.P. 1008(A) ("The notice [of appeal from a Municipal Court ruling] shall state which method of review is being sought in the court of common pleas by indicating whether it is a notice of appeal or notice of a petition for a writ of *certiorari*.").

*Commonwealth v. Beaufort*, 112 A.3d 1267, 1269 (Pa. Super. 2015), *appeal denied*, 119 A.3d 349 (Pa. 2015).

case, a defendant may then raise evidentiary and sufficiency issues on appeal. *See Coleman*, 19 A.3d at 1118.

Due to the nature of Cox's claims, we will address the evidentiary issue first. Cox claims the municipal court erred as a matter of law and violated his confrontation rights by admitting improper hearsay evidence to establish that the car was stolen. Cox's Brief at 17. Specifically, he states:

> In the present case, there were two instances of hearsay introduced at trial over defense counsel's objection. Both instances pertained to the same factual issue of ownership of and non-permission to use the car. Officer Barker testified, over the defense's objection, that NCIC listed the car as having been stolen. The actual NCIC report was not introduced into evidence and would have also constituted hearsay. Similarly, Detective Carter testified, over the defense's objection, that she spoke with a sheriff in Virginia who confirmed that the car was in stolen status. The sheriff in Virginia, and the source of his or her information, were not identified. The unidentified owner of the car never appeared in court to testify or be cross-examined as to his ownership of the car or as to whether Mr. Cox had permission to use it. The circumstances under which the car was allegedly reported stolen were not disclosed. The out-of-court statements were offered for the truth of the matter asserted and were the only evidence of ownership and non-permission.

*Id.* at 18-19 (record citations omitted).[4, 5]

---

[4] It merits mention that a copy of the NCIC report was not included in the certified record.

[5] We note Cox does not argue that the NCIC report did not substantiate the officer's ability to stop Cox's vehicle and arrest him. *Commonwealth v. McRae*, 5 A.3d 425, 430 (Pa. Super. 2010) (stating "NCIC entries alone are of sufficient reliability to provide officers with probable cause to arrest without the addition of the warrant upon which the NCIC entry was based."), *appeal denied*, 23 A.3d 1055 (Pa. 2011).

To the extent that Cox argues his confrontation rights were violated, we note he initially preserved this claim by raising it in his petition for writ of *certiorari* and arguing it before the *certiorari* court.  **See Williams**, **supra**; **see also** Cox's Petition for Writ of *Certiorari*, 7/7/2014; N.T. 9/18/2014, at 8.  However, he subsequently waived the issue by failing to include it in his concise statement.  **See Commonwealth v. Oliver,** 946 A.2d 1111, 1115 (Pa. Super. 2008) ("In **Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775 (2005), the Supreme Court affirmed the bright-line rule established in **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998), which requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement."), *appeal denied*, 960 A.2d 838 (Pa. 2008); **see also** Cox's Statement of Errors Complained of on Appeal, 12/22/2014, at 1-2.

Consequently, we will limit our review to whether the municipal court erred in admitting hearsay evidence in regards to the stolen status and ownership of the vehicle.  Our standard of review regarding the admissibility of evidence is well-established:  "[I]n reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. ...  To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party."  **Commonwealth**

***v. Lopez***, 57 A.3d 74, 81 (Pa. Super. 2012) (citation omitted), *appeal denied*, 62 A.3d 379 (Pa. 2013).

> The admissibility of hearsay is addressed in Rules 801, 802, and 803 of the Pennsylvania Rules of Evidence. Rule 801(c) defines hearsay as "a statement ... offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c). Hearsay evidence is inadmissible under Rule 802. Out of court statements are not inadmissible hearsay, however, if they are offered for some relevant purpose other than to prove the truth of the matter asserted. ***Commonwealth v. Ali***, 608 Pa. 71, 126, 10 A.3d 282, 315 (2010); ***Commonwealth v. Puksar***, 559 Pa. 358, 368, 740 A.2d 219, 225 (1999).

***Commonwealth v. Wantz***, 84 A.3d 324, 336 (Pa. Super. 2014).

With regard to the NCIC records, this Court has held that NCIC records qualify as a business records exception to the hearsay rule. ***Commonwealth v. Corradino***, 588 A.2d 936 (Pa. Super. 1991). The admissibility of business records is governed by the Uniform Business Records as Evidence Act, 42 Pa.C.S. § 6108, which provides in relevant part:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

***Id.***

Pennsylvania Rule of Evidence 803(6) is also relevant to this matter and provides as follows:

> (6) Records of a Regularly Conducted Activity. A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if,

(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) neither the source of information nor other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803 (emphasis added).

In **Corradino**, **supra**, a panel of this Court determined the trial court did not abuse its discretion in admitting NCIC printouts under the business records exception because a state trooper "testified in detail concerning the identity of the printouts, when they were made, how they were obtained, and their mode of preparation," and therefore concluded the "testimony provided a sufficient indication of the reliability of the printouts to warrant their admission." **Corradino**, 588 A.2d at 939.

Moreover, in **Commonwealth v. Travaglia**, 661 A.2d 352 (Pa. 1995), the Pennsylvania Supreme Court noted the "trial court refused to admit [an NCIC] report because [the defendant] did not present anyone who could testify as to the preparation or maintenance of the records kept by NCIC; the judge indicated that he was particularly concerned about the accuracy of

the record because in his experience as a jurist, he had encountered inaccuracies in these types of reports." *Id.* at 363. The Supreme Court stated the "inability to confirm trustworthiness is a proper basis for refusing to admit a document as a business record." *Id.*

Turning to the present matter, the testifying witness, Officer Michelle Barker, provided no information regarding when the NCIC report at issue was made, how it was obtained, or its mode of preparation. *See Corradino*, *supra*. Consequently, the municipal court erroneously overruled defense counsel's objection to the admission of the evidence, finding it was not hearsay.[6] *See* N.T., 6/6/2014, at 28. Accordingly, we conclude the municipal court erred in admitting the NCIC report as substantive evidence that the vehicle was stolen.

---

[6] In fact, the municipal court even questioned the need for corroborating evidence: "You're saying that every time they want to use evidence from NCIC, I guess, they have custodian of records from this National Database would have to? …. But that's what I'm saying. In every trial where NCIC is mentioned the custodian of records from that National Organization would have to come here in order to testify?" N.T., 6/6/2014, at 8-9.

We emphasize that a custodian of records is not required for every NCIC report to be admitted. Nevertheless, the municipal court did not make a specific finding that the testifying officer was a qualified witness and she did not provide any information relating to the preparation and maintenance of the records. *See* 42 Pa.C.S. § 6108. Furthermore, the court did not make a specific finding that the NCIC report was a self-authenticating document under Pa.R.E. 902.

Next, Cox claims the municipal court erred in allowing Detective Carter to testify, over the defense's objection,[7] that she spoke with a sheriff in Virginia who confirmed that the car was in stolen status because the sheriff and the source of the information were not identified, and the owner of the car did not appear in court to testify.

Keeping our standard of review in mind regarding the admissibility of evidence, we find that the officer's testimony constitutes double hearsay. "Double hearsay is admissible if each part conforms to a hearsay exception. Pa.R.E. 805." **Commonwealth v. Hardy**, 918 A.2d 766, 777 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008). A review of Detective Carter's testimony reveals that the evidence at issue was in fact hearsay subject to **no recognized exception** to the rule excluding such testimony. N.T., 6/6/2014, at 16-32. Consequently, it was error for the municipal court to allow the detective to testify to what the Virginia officer told her.

Accordingly, we find the municipal court erred in permitting Officer Barker to testify regarding the contents of the NCIC report, and Detective Carter to testify regarding her conversation with the Virginia sheriff. Furthermore, as will be discussed *infra*, the municipal court's erroneous admission of this evidence was not harmless because the report and the

---

[7] N.T., 6/6/2014, at 22.

statements were critical to establish the stolen status and ownership of the vehicle. *Lopez*, 57 A.3d at 81.

In Cox's final argument, he claims there was insufficient evidence to convict him of unauthorized use of an automobile because the Commonwealth failed to demonstrate he knew or should have known that he did not have the owner's permission to use the car. Cox's Brief at 11. Cox states there are three elements to the crime: (1) the defendant operated the vehicle; (2) of another person; (3) without the consent or permission of that true owner. *Id.* at 12. He also indicates that a fourth requirement has been recognized by decisional law, in "that the defendant act at least recklessly with respect to the owner's lack of consent; that he consciously disregard a substantial and unjustifiable risk that the owner had not consented to his use of the vehicle." *Id.* at 12-13. Cox argues the Commonwealth only proved the first element with admissible evidence, that the second and third elements were only established by inadmissible hearsay evidence, and the fourth was not established at all. *Id.* at 13. Cox states he cooperated with police, he was driving the car with the keys, the car was in good condition, he did not attempt to flee, and he offered an unrebutted explanation of his lawful possession; therefore, he argues the Commonwealth failed to prove he acted with the required *mens rea* because the evidence did not establish he disregarded a substantial and unjustifiable risk that he was operating the car without a rightful owner's consent. *Id.* at

14-16. Lastly, Cox also asserts the *certiorari* court, in its Rule 1925(a) opinion, tried to improperly shift the burden to him because he was not required to prove that he had the owner's permission to use the car; rather, he contends the Commonwealth was required to prove that he did not. ***Id.*** at 16-17.

> Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

***Commonwealth v. Pruitt***, 951 A.2d 307, 313 (Pa. 2008) (citations omitted), *cert. denied*, 556 U.S. 1131 (2009).

> The unauthorized use statute provides:
>
> § 3928. Unauthorized use of automobiles and other vehicles.
>
> (a) Offense defined. --
>
> A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.
>
> (b) Defense. -- It is a defense to prosecution under this section that the actor reasonably believed that the owner would have consented to the operation had he known of it.

18 Pa.C.S. § 3928. Moreover,

> [i]n [***Commonwealth v. Hogan***, 468 A.2d 493 (Pa. Super. 1983)], we held that in order to convict one for unauthorized use of a vehicle, it is sufficient to show that the accused acted with

recklessness "with respect to the lack of the owner's consent. A person acts recklessly with respect to such lack of consent if he consciously disregards a substantial and unjustifiable risk that the owner has not consented." **Hogan**, 321 Pa.Super. at 313, 468 A.2d at 495-96. (Emphasis Added.) The conscious disregard of a substantial and unjustifiable risk that one's use of property lacks the true owner's consent suggests that dishonesty is an element of the offense, and it cannot be disregarded no matter what gloss of "recklessness" is placed upon it.

**Commonwealth v. Johnson**, 489 A.2d 821, 824 (Pa. Super. 1985).

Here, the *certiorari* court found the following:

Although there is no test for recklessness with respect to ownership for the purposes of establishing the unauthorized use of an automobile, Philadelphia Courts can, and have, looked at a variety of factors. One important factor is whether the defendant was able to produce a driver's license or other identifying paperwork for the car. In Commonwealth v. Hogan[, supra], the defendant was stopped by a police officer for a traffic violation. The defendant was unable to produce the "owner's card or a driver's license." 468 A.2d at 494. The following inquiry conducted by the police officer on the scene revealed that the car had been stolen four weeks prior. Id. The Pennsylvania Superior Court held that, based on those facts "it was not irrational to infer that he knew or should have known that he did not have the owner's consent to operate the vehicle." Id. at 497. Similarly, in Commonwealth v. Utter, the defendant was pulled over for speeding and was unable to produce a license or registration for the car. 421 A.2d 339, 341, (Pa. Super. Ct. 1980). The Utter Court used that factor in determining that the defendant did not have the owner's permission to operate his vehicle. Id.

…

Here, even without considering any inadmissible evidence, there was enough admissible evidence to determine that the defendant was acting at least recklessly with regards to the owner's consent to operate the motor vehicle. The defendant was pulled over while driving a car with Virginia license plates in Philadelphia. The defendant was then unable to produce a driver's license, or registration for the car. He did state that the

- 13 -

car belonged to his girlfriend, but did not give her name, nor did he provide any other information that could have established that he had the owner's permission to operate the motor vehicle. When the previous evidence is combined with the defendant's sister's testimony that the woman who gave him the keys to the car was his girlfriend, that she had just returned from Virginia, and that she returned with the car, there was enough evidence to find [Cox] guilty of the unauthorized use of an automobile.

*Certiorari* Court Opinion, 3/30/2015, at 4-6.[8]

We disagree.  We note the ***Hogan*** Court also stated:

It was not unreasonable to expect that appellant, if an explanation for his fortuitous possession of the stolen car had been available, would communicate that explanation when he was accused of unauthorized use.  **In the absence of any explanation**, the trier of the facts could reasonably infer that appellant knew that he did not have the owner's consent or, at the very least, that he had recklessly disregarded the probability that he did not have the owner's consent. See: State v. Couet, 71 Wash.2d 773, 775-77, 430 P.2d 974, 976 (1967)."

***Hogan***, 468 A.2d at 497 (emphasis added).

As the *certiorari* court indicated, without considering the inadmissible evidence, we are left with a defendant, driving a car with a Virginia license plate, who stated that the car belonged to his girlfriend.[9]  N.T., 6/6/2014, at

---

[8] We note because of the unique procedural posture of this case, the *certiorari* court, in order to conduct its analysis regarding a petition for writ of *certiorari*, reviewed the testimony from the municipal court trial and made some factual determinations in order to address the legal challenges.

[9] Contrary to the *certiorari* court's statements, it appears Cox did give the name of his girlfriend to Officer Barker.  ***See*** N.T., 6/6/2014, at 12 ("[Defense counsel:]  And the girlfriend's name that he gave you, when you were in that NCIC report, it didn't come back to her, right?  [Officer Barker:] Correct.").

6-12. Moreover, there was no damage to the vehicle or testimony Cox attempted to evade the officer. *Id.* Therefore, the only evidence supporting the non-permission element is that Cox did not produce a driver's license or vehicle registration.[10] While these facts are similar to those presented in *Hogan*, we still find *Hogan* distinguishable from the case *sub judice* because, without more, it would be irrational to infer that Cox knew or should have known that he did not have the owner's consent to operate the vehicle. *See Hogan*, *supra*. In *Hogan*, there was no question that the vehicle was stolen, and the defendant offered no explanation as to why he was operating a stolen vehicle. *See Hogan*, *supra*, 468 A.2d at 494 (stating "[a]n official inquiry disclosed that the vehicle had been stolen."). Here, however, as explained *supra*, the Commonwealth failed to establish the critical element concerning the lack of the owner's consent, and, moreover, Cox offered an explanation for his possession of the vehicle. Accordingly, we are compelled to reverse the judgment of sentence.

Judgment of sentence reversed. Case remanded for further proceedings. Jurisdiction relinquished.

---

[10] As noted by the *certiorari* court, Cox stated that he was never asked for such documents. Based on the questioning at the trial, it is unclear if Cox was asked to produce those documents. During direct examination, the prosecuted asked Officer Barker if Cox was "able to produce registration" or "give" a driver's license. *See* N.T., 6/6/2014, at 7, 11. Officer Barker did not specifically testify that she asked for these documents.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2016