J-S61027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SELVIN PURNELL | : | |
| | : | No. 3736 EDA 2015 |
| Appellant | | |

Appeal from the Judgment of Sentence December 4, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013087-2014,
CP-51-CR-0013385-2014

BEFORE:   LAZARUS, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY RANSOM, J.:                   **FILED NOVEMBER 21, 2017**

Appellant, Selvin Purnell, appeals from the judgment of sentence of an aggregate two to four years of incarceration followed by four years of probation, imposed December 4, 2015, following a bench trial resulting in his conviction for reckless burning, possession of an instrument of crime, criminal mischief, and harassment.[1]  We affirm.

The facts and procedural history are as follows.  Appellant had an intimate relationship with Ms. Burinth Keo that lasted more than ten years.  On August 13, 2014, around 7:15 p.m., Appellant visited the home of Ms. Keo.  Notes of Testimony (N.T.), 9/17/2015, at 25.  Appellant's nine-year-old daughter came to the door and did not want to see her father.  *Id.* at 25-26.

---

[1] 18 Pa.C.S. §§ 3301(d)(2), 907(a), 3304(a)(4), and 2709(a)(4).

*   Retired Senior Judge assigned to the Superior Court.

Ms. Keo shut the door and returned to what she was doing. *Id.* at 26. Appellant continued to ring the doorbell, which Ms. Keo and her daughter ignored. *Id.* After a few minutes, Appellant went from the front door to the back door. Ms. Keo watched Appellant from a window in her kitchen. She saw Appellant grab "circular paper," light it on fire with a lighter, pull a trashcan next to the grandmother's minivan, and put the burning paper in the trashcan. *Id.* at 27. The trashcan was less than a foot away from the gas tank of the car. *Id.* at 28. Appellant also leaned a couch cushion from the neighbor's yard against the car. *Id.* Ms. Keo called 9-1-1 and did not go outside, although Appellant looked directly at her and walked away from the flames coming from the trashcan. *Id.* at 27-28.

Ms. Keo's sister's girlfriend extinguished the fire with a garden hose shortly before the police arrived. *Id.* at 31-32. Ms. Keo went to the police station to make a statement. *Id.* at 33. She saw Appellant standing outside the station. *Id.* at 34. Appellant was identified to authorities. *Id.* Appellant was arrested, and law enforcement recovered a lighter from his person. *Id.* at 66-72. Appellant was charged with three counts of arson, recklessly endangering another person (REAP), criminal mischief, harassment, causing catastrophe, possession an instrument of crime, and reckless burning.[2]

On August 18, 2014, Ms. Keo obtained a temporary Protection from Abuse (PFA) order against Appellant. *Id.* at 35-36. Appellant was served with

_____

[2] Docket No. CP-51-CR-0013087-2014.

the order while in custody. ***Id.*** at 36.

On November 3, 2014, Appellant sent Ms. Keo a letter from prison containing rude, threatening language. ***Id.*** at 40. On November 14, 2014, Appellant was arrested and charged with intimidation of a witness, contempt for violating the PFA order, and harassment.[3] At trial, the letter was admitted into evidence; Ms. Keo authenticated Appellant's handwriting and signature. ***Id.*** at 39.

In September 2015, Appellant was found guilty of reckless burning, possession of an instrument of crime, criminal mischief, and harassment (misdemeanor). Appellant was found not guilty of intimidation, contempt, arson, REAP, harassment (summary offense), or causing catastrophe. Appellant was sentenced as described above on December 4, 2015.

On December 11, 2015, Appellant *pro se* timely filed a notice of appeal. Counsel was appointed. Thereafter, counsel timely filed a Pa.R.A.P. 1925(b) statement. On October 14, 2016, the trial court issued a responsive opinion.

On appeal, Appellant raises the following two issues:

> 1. Did the trial court err when it found that there was sufficient evidence to prove, beyond a reasonable doubt, that Appellant [] was guilty of the criminal offense of reckless burning o[r] exploding (F3)?
>
> 2. Did the trial court err when it found that there was sufficient evidence to prove, beyond a reasonable doubt, that Appellant [] was guilty of the criminal offense of harassment (M3)?

Appellant's Br. at 2.

---

[3] Docket No. CP-51-CR-0013385-2014.

Appellant challenges the sufficiency of the evidence to sustain his convictions for reckless burning and harassment. Our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1014–15 (Pa. Super. 2002) (internal citations and quotation marks omitted). Viewing all of the evidence and any inferences drawn therefrom in the light most favorable to the Commonwealth as verdict winner, this Court "must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict." *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235 (Pa. 2007) (citation omitted).

First, Appellant contends that the evidence was insufficient to establish that he possessed the requisite *mens rea* to commit the reckless burning. Appellant's Br. at 11.

The elements of reckless burning are provided by statute:

> (d) **Reckless burning or exploding**.-- A person commits a felony of the third degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and thereby recklessly:
>
> (1) places an uninhabited building or unoccupied structure of another in danger of damage or destruction; or
>
> (2) places any personal property of another having a value that exceeds $5,000 or if the property is an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle in danger of damage or destruction.

18 Pa.C.S. § 3301(d).

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3).  "The necessary knowledge or recklessness may be demonstrated by circumstantial evidence." *Commonwealth v. Hogan*, 468 A.2d 493, 496 (Pa. Super. 1983).

In this case, Appellant argues that he did not consciously disregard a substantial and unjustifiable risk to a minivan parked in Ms. Keo's backyard.

Appellant's Br. at 12. Rather, according to Appellant, his state of mind was "highly agitated" because his ex-girlfriend and daughter were not permitting him to see them. *Id.* at 13-14. Thus, Appellant concludes, his actions were less culpable, and the evidence was insufficient to establish reckless burning.

If the evidence of criminal intent (here, conscious disregard of a risk to property or automobile) is sufficiently established, "it cannot be negated by establishing that a second intent existed in the mind of the actor." ***Commonwealth v. Sinnott***, 30 A.3d 1105, 1110 (Pa. 2011) (noting that "[h]uman beings may act with a single, exclusive motive[, or] they may act for multiple reasons"). "The proper question is not whether the defendant's contentions are supported by the record, but whether the verdict is so supported." *Id.* It is not our function to re-weigh the evidence believed by the factfinder, and this Court will not "substitute its judgment for that of the fact-finder[.]" *Id.* (citing **Ratsamy**, 934 A.2d at 1235-36).

Here, the trial court found the testimony of Ms. Keo and the fire investigator more credible than Appellant's. Trial Ct. Op. ("TCO"), 10/14/2016, at 6. Ms. Keo testified that Appellant intentionally lit a newspaper on fire, put it into a trashcan, and moved the trashcan within inches of the gas tank of the minivan. *Id.* After Appellant added more items to the flames in the trashcan, he *walked away as the fire burned*. *Id.* The fire investigator, Lieutenant Robert Crowe, determined the origin and cause of the fire. According to Lieutenant Crowe, the fire was "incendiary and

purposefully set with an open flame device." *Id.* at 3. The Lieutenant noted that cushions caught on fire in the trashcan "within inches of the minivan." *Id.* Further, he testified credibly that there was already scorching on the rear wheel, which was next to the gas tank, and concluded that if the fire had not been extinguished, then the vehicle would have caught fire, perhaps endangering the dwelling as well. *Id.* (citing N.T., 9/17/2016, 31-32; N.T., 9/30/2016, 14-18).

Based on this evidence, it was reasonable for the factfinder to infer that Appellant acted recklessly beyond a reasonable doubt. By intentionally setting the fire in a trash can next to a minivan, adding couch cushions to fuel the fire, and walking away, Appellant placed property in danger of destruction. *See* 18 Pa.C.S. § 3301(d)(2). Appellant's acts were sufficiently reckless, as he consciously disregarded a substantial risk to the minivan by walking away from the fire he set. *Id.* at § 302(b). Accordingly, the evidence was sufficient to support the verdict. *See Ratsamy, supra*.

Second, Appellant contends that the evidence was insufficient to support his conviction for harassment. The statute under which Appellant was convicted states the following: "A person commits harassment when, with intent to harass, annoy or alarm another, the person: … (4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]" 18 Pa.C.S. § 2709(a)(4). "An intent to harass may be inferred from the totality of the circumstances."

*Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013) (citation omitted).

In his brief, Appellant challenges the basis for the harassment charge and claims he lacked the requisite mental state to complete the crime. However, Appellant did not preserve the requisite mental state issue in his 1925(b) statement. Appellant's 1925(b) merely states: "there was insufficient evidence adduced at trial by the Commonwealth to prove, beyond a reasonable doubt, that [Appellant] communicated to Burinth Keo 'any lewd, lascivious, threatening or obscene words, language, drawings or caricatures.'" *See* Appellant's 1925(b) Statement, 7/13/2016, at 2 (quoting 18 Pa.C.S. § 2709(a)(4)).

> "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."

*Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). According to the mandate of *Lord* and its progeny, we limit our discussion to Appellant's challenge to the sufficiency of the evidence that was preserved in Appellant's 1925(b) statement.

Appellant contends that there is no evidence that he communicated to Ms. Keo in "lewd, lascivious, threatening or obscene" words and language. 18 Pa.C.S. § 2709(a)(4). However, contrary to his contention, a letter that Appellant sent to Ms. Keo from prison was admitted into evidence. *See* N.T.

at 39. The letter was dated October 30, 2014. At that time, a PFA order forbidding Appellant from contacting Ms. Keo was in effect. As quoted in the trial court's opinion, Appellant's letter stated:

> Why do you have the Philadelphia Court System on my ass: What are you[] trying to do? Have [Department of Homeland Security (DHS)] take our daughter away? I don't know why you're showing up to court…. You do not want me to get on the stand. I will show proof that we just slept in the bed together and I spen[t] the night over in June and July. We f[*****] even in your asshole. I will say that, just like that.

Trial Ct. Op., 10/14/2016, 4 (quoting Commonwealth Ex. 5).[4]

The language of this letter clearly communicated "lewd, lascivious, threatening or obscene" words and language to Ms. Keo in several ways. 18 Pa.C.S. § 2709(a)(4). Appellant threatens that DHS will take their daughter; threatens to communicate about Ms. Keo; uses obscene language; communicates with an intent to alarm Ms. Keo; and seeks to stop her from testifying in a court proceeding.

In our view, Appellant violated the plain and ordinary meaning of Section 2709 using such threats, profanity, and sexual references. Furthermore, Appellant knew he was not allowed to contact Ms. Keo under the terms of the

_____

[4] In reviewing this claim, the trial court found that the average person applying community standards would find that the letter constitutes lewd and/or obscene content because it appeals to the prurient interest. See TCO, at 7 (citing **Commonwealth v. Bond**, 504 A.2d 869, 875 (Pa. Super. 1986) (referring to definitions of "obscene" and "sexual conduct" under 18 Pa.C.S. § 5903(b)'s prohibition of "obscene and other sexual materials and performances"). The trial court reasoned that Section 5903's definitions were helpful for determining that the sexual language of Appellant's letter was lewd and obscene within Section 2709.

PFA order. Accordingly, the evidence was sufficient for the factfinder to conclude that Appellant communicated a threat and lewd sentiments to support his conviction for harassment. ***See Cox***, 72 A.3d at 722.

Judgment of sentence affirmed. Jurisdiction relinquished.
*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* _11/21/2017_