J-S18042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY EVANS | : | |
| | : | |
| Appellant | : | No. 1165 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 3, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000917-2020

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:        **FILED: AUGUST 26, 2022**

Timothy Evans (Appellant) appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his jury convictions of unauthorized use of a motor vehicle and theft by unlawful taking (movable property).[1]  Appellant challenges the sufficiency of the evidence with respect to both convictions.  Based on the following, we affirm.

We glean the underlying facts supporting Appellant's convictions from the May 12, 2021, trial testimony, which are as follows.  Michele Kozielski and Appellant knew each other through Kozielski's long-term boyfriend and were friends for approximately one year prior to the incidents at issue.  On April 10, 2020, Appellant asked to borrow Kozielski's car.  Kozielski gave Appellant

_____

[1] 18 Pa.C.S. §§ 3928(a), 3921(a), respectively.

permission "for a couple days . . . [but] no longer than a week," and told Appellant to bring the car back three days later. N.T. Trial, 5/12/21, at 13, 33, 53. When Appellant failed to return the vehicle after the stated period, Kozielski made several calls and sent several texts to phone numbers,[2] provided by Appellant as his contact information, asking him to return the car. *Id.* at 13-16. She also told Appellant that he did not have her permission to keep it. *Id.* at 15.[3] Kozielski received no response for over three weeks. *Id.*

Meanwhile, on April 20th, Kozielski contacted the Scranton Police Department to report the vehicle as stolen. N.T. Trial at 52.

On May 25th, Kozielski received several text messages from what she believed to be Appellant's phone. N.T. Trial at 21. The first text was a graphic interchange format (GIF),[4] which depicted a man's face expressing a smirk, the second text stated "LOL,"[5] and two texts, which each said, "Clear my name." *Id.* at 21; *see also* Commonwealth's Trial Exhibits 10 and 11. The

---

[2] These calls and text messages were sent to two different numbers that were both saved as contacts for Appellant and listed under the names of "M" for "Midget," and "George Boston." N.T. Trial at 14.

[3] Kozielski continued to call and text the contact numbers provided to her by Appellant, but had deleted the text messages sent before April 26th. After that time, she began saving them. N.T. Trial at 38.

[4] *See* GIF, https://en.wikipedia.org/wiki/GIF (last visited August 12, 2022).

[5] "LOL" is internet slang, which is an initialism for "laugh out loud." *See* LOL, https://en.wikipedia.org/wiki/LOL (last visited August 12, 2022).

following day, Kozielski texted the contact number provided to her by Appellant with a picture of an envelope from Patrolman Michael Carachilo showing that she had reported her car missing. *Id.* at 23; *see also* Commonwealth's Trial Exhibit 12. She received a one-word response that said "Michele." *Id.*

One day later, Patrolman Daniel Duffy pulled over Appellant, who was driving Kozielski's vehicle, because it had an expired inspection sticker. N.T. Trial at 58. Patrolman Duffy ran the registration and saw that the car was reported as stolen. *Id.* at 60. Patrolman Duffy then detained Appellant. *Id.* at 61. During this time, the car battery died, and the car was blocking a driveway. *Id.* Patrolman Duffy had the vehicle towed to Falzone's Towing at a cost of $300. *Id.* at 61-62. Following the incident, Appellant was arrested and charged with unauthorized use of a motor vehicle and theft by unlawful taking.

The next day, Kozielski texted one of the contact numbers she had been communicating with, and said the car had to be towed. N.T. Trial at 46. In the same text, she asked why the car would not start. *Id.* She received a response saying: "No you don't [need to have the car towed]. All it needs is a jump . . . Because they left the key in the ignition while they were searching it, and it wasn't on." *Id.*; *see also* Commonwealth's Trial Exhibit 14.

In April of 2021, approximately one year after the incident took place and just one month before Appellant's jury trial commenced, Kozielski

received a call from an individual who identified himself as "Midge." N.T. Trial at 25. Kozielski believed the caller to be Appellant. *Id.* "Midge" continued to call Kozielski on a weekly basis until the Saturday before Appellant's trial, offering to pay her $300 plus more if she did not testify. *Id.* at 26.

On May 12th, Appellant's one-day jury trial was held. The Commonwealth presented the testimony of Kozielski, as well as the investigating officers. Kozielski testified that prior to her lending her car to Appellant, she had discussed the possibility of selling the car to him but never talked about payment or made any firm agreement. N.T. Trial at 33. Kozielski said Appellant never paid her any money for the vehicle. *Id.* In addition, Kozielski testified that Appellant indicated he would have the car inspected but failed to do so. *Id.* at 35. She acknowledged that Appellant split the cost of putting a new starter in the car. *Id.* at 36.

Regarding the calls and text messages, Kozielski testified that she sent them to contact numbers provided to her by Appellant. N.T. Trial at 50. Kozielski also stated that Appellant went by the name, "Midget", and that when she had called these numbers on prior occasions, Appellant always answered. *Id.* In addition, the witness testified that when she received the April 2021 call from "Midge" asking her not to testify, the calls came from an unknown number and at first, she did not recognize the caller's voice. *Id.* at 25. However, once she spoke with the individual, she recognized the voice was Appellant's. *Id.*

On cross-examination, counsel for Appellant questioned Kozielski whether she had any proof of the calls or messages she sent to Appellant. Counsel also introduced evidence that neither of the phone numbers Kozielski called or texted were registered under Appellant's name. N.T. Trial at 40-42. Counsel also called witnesses to testify on Appellant's behalf, who claimed they only knew him as "Timothy Evans," or his "street name [—] Duke." *Id.* at 49, 73. Furthermore, two defense witnesses, Al-Maurice Ingram and Felicia Hernandez, both testified that on separate occasions, they went to Kozielski's home with Appellant and witnessed him give her cash in exchange for use of her vehicle. *Id.* at 68, 77. Kozielski, however, testified that she had never seen or met these individuals. *Id.* at 88.

At the conclusion of the trial, the jury found Appellant guilty of unauthorized use of a motor vehicle and theft by unlawful taking. On August 3, 2021, the trial court sentenced Appellant to two years' probation on the unauthorized use of a motor vehicle conviction, and a term of 16 to 36 months' incarceration plus three years of probation for the theft by unlawful taking offense. Appellant was also ordered to pay $300 of restitution to the victim. Appellant did not file post-sentence motions but did file a timely notice of appeal. He subsequently complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents two issues for our review:

1. Whether there was sufficient evidence to establish[ ] that the Commonwealth proved beyond a reasonable doubt that Appellant committed the crime of unauthorized use of a motor vehicle?

2. Whether there was sufficient evidence to establish[ ] that the Commonwealth proved beyond a reasonable doubt that Appellant committed the crime of theft by unlawful taking – movable property.

Appellant's Brief at 4.[6]

Before we address the merits of this appeal, we must determine whether Appellant has properly preserved these sufficiency issues. In its Pa.R.A.P. 1925(a) opinion, the trial court deemed the issues waived because Appellant failed to present them in a post-trial motion and raised them for the first time on appeal. Trial Ct. Op., 1/31/22, at 6. We are constrained to disagree. Pennsylvania Rule of Criminal Procedure 606(A)(7) provides that "a challenge to the sufficiency of the evidence [may be] made on appeal" as long as it is raised in Appellant's Rule 1925(b) concise statement. Pa.R.C.P. 606(A)(7); *see also* Pa.R.A.P. 1925(a)(4)(vii). Otherwise, it is waived. Here, Appellant included the sufficiency issues in his concise statement. Therefore, Appellant

---

[6] In Appellant's concise statement, he also raised the following issues: (1) whether the court erred when it struck the testimony of the defense witness, Ashley Morales; and (2) whether the court erred when it denied his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986). *See* Concise Statement of Matters Complained of on Appeal, 10/21/21. A review of Appellant's brief reveals he has abandoned both issues as he provides no argument regarding either claim. *See Commonwealth v. Wilson*, 147 A.3d 7, 22 (Pa. Super. 2016). Accordingly, we need not address them further.

has adhered to Rules 607(A)(7) and 1925(a)(4)(vii), and we will not deem the issues waived. We now turn to the merits of Appellant's claims.[7]

In his first issue, Appellant challenges the sufficiency of the evidence supporting his conviction of unauthorized use of a motor vehicle. **See** Appellant's Brief at 11. Appellant contends that the Commonwealth failed to provide any testimony establishing "the essential *mens rea* element [of this charge] that he acted intentionally, knowingly or recklessly when he kept using Kozielski's [car without immediately returning] it to her." **Id.** at 16. Appellant avers that he was in the process of buying the car and Kozielski had given him permission to drive it. **Id.** at 14. He also pointed out he had a starter installed, which Kozielski acknowledged at trial, and two defense witnesses testified that they saw Appellant give Kozielski money as payment towards the purchase of the car. **Id.** Furthermore, he contends that the "record is completely devoid of evidence" that Kozielski's calls and text

_____

[7] The Commonwealth contends Appellant's sufficiency claims are waived because in his concise statement, he failed to articulate the specific elements of the crimes he was challenging. Commonwealth's Brief at 8. When challenging the sufficiency of the evidence on appeal, an appellant's concise statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the claim for appeal. **Commonwealth v. Gibbons**, 981 A.2d 274, 281 (Pa. Super. 2009). A review of the concise statement reveals Appellant did not specify which elements he was challenging. For this reason, we could find waiver. However, we discern the claims are sufficiently preserved to allow this Court to conduct review of the issues.

messages were sent and received by him. *Id.* at 15. In support of his argument, he states:

> The most the Commonwealth established was that: (1) Appellant and Kozielski were friends; (2) Kozielski owned two vehicles but she was the only driver in her house and that her live in boyfriend was very ill and did not drive; (3) Kozielski met with Appellant and they had a conversation wherein he indicated that he was interested in purchasing the Honda; (4) Kozielski had given Appellant permission to take her vehicle and to use it; (5) Appellant had a starter installed in the Honda for which Kozielski acknowledged that Appellant had paid "something" towards its cost; (6) she did not deny that he had an alternator or a battery installed; (7) the additional text messages Kozielski claimed she sent to Appellant requesting the return of her car were not saved by her and, despite the Commonwealth having the ability to retrieve them (obtain them in a "dump" of the phone), it did not do so; (8) the two phone/text numbers Kozielski claimed that she used to contact Appellant were identified in her phone as belonging to a Midget/Midge/M and to a George but the Commonwealth offered absolutely no evidence linking Appellant with these numbers, they were neither identified in Kozielski's phone under Appellant's name nor was there any evidence submitted that they actually belonged to him; (9) there was no evidence that Appellant was known or went by the name of Midge/Midget/M or George; (10) there was no evidence that Kozielski ever reached Appellant on either of these numbers; (11) that the Wilkes Barre Police Officer who observed Appellant driving a car for which Kozielski had given him permission to use, did not have personal knowledge of the underlying facts of Appellant's use of the vehicle; and (12) more significantly, the Commonwealth offered no evidence establishing that Appellant had knowledge that his permissive use of Kozielski's car had been withdrawn and that his continued use was reckless.

*Id.* at 15-16. Lastly, Appellant alleges that Kozielski did not clarify a time period for which he should return her vehicle, stating "she changed her version several times as to how long she meant to allow him to use her car." *Id.* at 14.

We begin with our well-settled standard of review:

> As a general matter, our standard of review [for a sufficiency claim] requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participating in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, **we may not substitute out judgment for that of the fact finder**; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the . . . convictions will be upheld.

*Commonwealth v. Windslowe,* 158 A.3d 698, 708-09 (Pa. Super. 2017) (citation omitted; emphasis added).

The crime of unauthorized use of a motor vehicle is defined, in relevant part, as follows: "A person is guilty of a misdemeanor of the second degree if he operates the automobile . . . of another without consent of the owner." 18 Pa.C.S. § 3928(a). The statute also provides that "[i]t is a defense to prosecution under this section that the actor reasonably believed that the owner would have consented to the operation had he known of it." 18 Pa.C.S. § 3928(b).

"[A] conviction for unauthorized use of a vehicle must be predicated on proof that the defendant operated the vehicle without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle." *Commonwealth v. Carson*, 592 A.2d 1318, 1321 (Pa. Super. 1991). In regard to the intent element of the crime:

> Recklessness is the minimum culpability necessary with respect to the lack of the owner's consent. A person acts recklessly with respect to such lack of consent if he consciously disregards a substantial and unjustifiable risk that the owner has not consented. A mistake as to whether the owner has actually consented is a defense only if the mistake operates to eliminate the element of recklessness.

*Commonwealth v. Hogan*, 468 A.2d 493, 495-96 (Pa. Super. 1983) (citations omitted). "The necessary knowledge or recklessness may be demonstrated by circumstantial evidence." *Id.* at 496 (citations omitted).

A review of the record reveals that when Kozielski allowed Appellant to use her vehicle, she specifically told him that he needed to return it by Monday, April 13th. *See* N.T. Trial at 13, 33, 53. She also repeatedly contacted him and asked that the car be returned. *Id.* at 13-16. She did not receive the vehicle until over two months later — after she reported it stolen and the police located the car with Appellant sitting behind the wheel. *Id.* at 55, 59. Appellant was the only individual Patrolman Duffy saw in Kozielski's car at the time he approached the vehicle. *Id.* at 58.

To the extent Appellant alleges that the phone numbers that Kozielski used to call and text Appellant, in which she demanded the return of her car,

- 10 -

were not registered under his name, that argument goes to the weight of the evidence, rather than sufficiency. Moreover, the jury, sitting as the fact-finder, could reasonably infer from the testimony that Appellant was receiving Kozielski's messages. *See Windslowe,* 158 A.3d at 708-09. Kozielski testified that the phone numbers she contacted were provided to her by Appellant and that when she called them in the past, Appellant had always answered. *Id.* at 50. She also stated that the text message she eventually received was from an individual who knew the communications were coming from Kozielski, as evidenced by the fact that the text stated her first name, "Michele." N.T. Trial at 21; *see also* Commonwealth's Trial Exhibits 10, 11. The individual texting Kozielski from this phone number knew the condition of the vehicle after it was seized by Patrolman Duffy, as evidenced by subsequent text to Kozielski, indicating that all her car needed was a jump. *See* Commonwealth's Trial Exhibit 14. Additionally, when Kozielski received a phone call later on about testifying at trial, she recognized Appellant's voice and he identified himself by one of the aliases saved in her phone. N.T. Trial at 25.

Viewing this evidence in the light most favorable to the Commonwealth, the evidence demonstrated that Appellant acted recklessly by consciously disregarding a substantial and unjustifiable risk that Kozielski had not consented extended use of her car. *See* 18 Pa.C.S. § 3928(a); *see also Hogan*, *supra*. Moreover, based on the evidence, a person in Appellant's

place could not reasonably believe that Kozielski would have consented based on her calls and text messages. *See* 18 Pa.C.S. § 3928(b). As such we conclude there was sufficient evidence to sustain a conviction for unauthorized use of a motor vehicle, and that a jury could reasonably conclude that Appellant possessed the requisite *mens rea* of recklessness for this charge. Accordingly, we find that Appellant's first claim is without merit.

In Appellant's second issue, he challenges the sufficiency of the evidence supporting his conviction of theft by unlawful taking. *See* Appellant's Brief at 11. Appellant again avers that the Commonwealth failed to establish that Appellant's use of Kozielski's car met the requisite intent element of the crime. Appellant's Brief at 17. In support of his argument, Appellant maintains the belief that Kozielski gave him permission to use her car and did not revoke such permission. He alleges her consent was evidenced by the following: (1) he had repairs done under the assumption she was selling it to him, and (2) the Commonwealth failed to establish he received Kozielski's messages asking for the return of her vehicle. Appellant's Brief at 17-18.

Keeping in mind our standard of review for sufficiency challenges, we note the statutory definition of theft by unlawful taking is as follows: "A person is guilty of theft if he unauthorizedly takes, or exercises unauthorized control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). "To be guilty of theft by unlawful taking, the actor's intention or conscious object must be to take unlawfully property of another

- 12 -

for purposes of depriving another of his or her property." **Commonwealth v. Dombrauskas**, 418 A.2d 493, 496-97 (Pa. Super. 1980) (footnote omitted).

Here, a review of the trial testimony reveals that while Appellant and Kozielski discussed the sale of the car, they never finalized any agreement. N.T. Trial at 33. Kozielski also testified that Appellant did not give her any money in exchange for the vehicle and they never discussed a payment plan. **Id.** As discussed above, Appellant kept Kozielski's car for over two months, and did not turn it over until the police stopped him and seized the car.

In regard to Appellant's argument that he never received Kozielski's messages asking for her car back, it is evident the jury rejected this allegation based on Kozielski's testimony stating that she sent him numerous calls and texts at the return of the car. **See Windslowe,** 158 A.3d at 708-09.

Viewing this evidence in the light most favorable to the Commonwealth, there was sufficient evidence to sustain a conviction for theft by unlawful taking, and that a jury could reasonably conclude that Appellant met the requisite intent element for this charge as he intended to deprive Kozielski of her car. As such, we conclude that Appellant's second sufficiency claim is without merit.

We note that with respect to both arguments, Appellant essentially alleges that the jury should have not credited the victim's testimony over the testimony of his witnesses. We reiterate that "the jury, which passes upon

the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence."[8]  "It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder."

***Commonwealth v. Rodriguez***, 141 A.3d 523, 525 (Pa. Super. 2016) (citation omitted).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/2022

---

[8] ***Commonwealth v. Ramtahal***, 33 A.3d 602, 607 (Pa. 2011).