J-A28007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  : IN THE SUPERIOR COURT OF
                                       :         PENNSYLVANIA
                                         :

         v.                           :
                                         :
                                         :

SHARITA C. COUSETTE            :
                                         :

         Appellant           :   No. 55 EDA 2024

Appeal from the Judgment of Sentence Entered December 4, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008538-2022

BEFORE: PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:           **FILED JANUARY 22, 2025**

Sharita C. Cousette appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on December 4, 2023, following her conviction for unauthorized use of a motor vehicle.[1] On appeal, Cousette challenges the sufficiency of the evidence supporting her conviction. After careful review, we affirm.

We review challenges to the sufficiency of the evidence with great deference to the credibility determinations of the fact finder:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by

---

[1] *See* 18 Pa.C.S.A. § 3928.

the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

Viewed favorably to the Commonwealth, the evidence upon which Cousette was convicted is as follows. On September 29, 2022, at approximately 4:40 p.m., Philadelphia Police Officer Jonathan Dedos was on duty with his partner as a uniformed patrol officer. *See* N.T., 9/26/23, at 14-15. Officer Dedos was traveling eastbound on the 3900 block of Poplar Street when he observed a white Chrysler 200 automobile. *See id.* at 15. A NCIC/PCIC computer system search revealed the tag of the vehicle belonged to a Ford. *See id.*

Officer Dedos subsequently activated his lights and sirens to conduct a traffic stop. *See id.* When Officer Dedos approached the vehicle, he observed Cousette in the driver's seat, along with three other women in the car. *See id.* at 16-17. Upon approaching the driver's side of the vehicle, Officer Dedos asked Cousette if she had a license, registration, and proof of insurance. *See id.* at 17. Cousette could not produce any of the requested paperwork. *See*

*id.* at 17-18. During Officer Dedos's body-worn camera video of this incident, Cousette can be heard stating the car belongs to her girlfriend. *See id.* at 23. There is no further reference to this "girlfriend," including a name or any other information.

After taking Cousette's information, Officer Dedos entered the vehicle's VIN number into the NCIC/PCIC computer database. *See id.* at 18. The VIN number of the vehicle Cousette was driving came back as stolen. *See id.* On cross examination, Officer Dedos agreed the vehicle was stolen around May 13th or 14th, approximately four months earlier. *See id.* at 21. Officer Dedos also indicated there was damage to the car on the passenger side of the vehicle. *See id.* at 18-19 (describing the damage as "side swiped"). Once Officer Dedos discovered the vehicle was stolen, the officers arrested Cousette. *See id.* at 19.

Charles Waddell, the registered owner of the Chrysler Cousette was driving, testified that the last time he saw his vehicle was the night before it was reported stolen. *See id.* at 25. Waddell testified there was no one present in the courtroom during the trial that he knew, and that he had not given permission to anyone in the courtroom to use and operate his vehicle. *See id.* at 26.

Following a bench trial on September 26, 2023, the trial court found Cousette guilty of unauthorized use of a motor vehicle. The court found Cousette not guilty of receiving stolen property. Cousette filed a post-

dispositional motion for reconsideration of verdict, challenging the sufficiency of the evidence, which the court denied. On December 4, 2023, the court sentenced Cousette to 2 years' probation. This timely appeal followed.

A person is guilty of the unauthorized use of a motor vehicle if he operates an automobile without the owner's consent and knew or had reason to know that he lacked the owner's permission to operate the vehicle. 18 Pa.C.S.A. § 3928(a).

Here, it is undisputed the vehicle was stolen, and that Waddell did not give Cousette permission to operate the vehicle. However, Cousette contends the evidence was insufficient to show she acted recklessly with respect to the lack of permission to operate the automobile, or in other words that she acted with the requisite *mens rea*.

In order to establish the *mens rea* element of the crime of receiving stolen property, the Commonwealth must prove that the accused possessed property with "guilty knowledge," i.e., "knowing that it has been stolen, or believing that it has probably been stolen …" 18 Pa.C.S.A. § 3925(a). Meanwhile, the *mens rea* burden under the unauthorized use of a motor vehicle charge is not as strict as the one for receiving stolen property. For the intent element of the latter offense the Commonwealth must show the defendant was at least reckless with respect to the owner's lack of consent to the accused's operation of the vehicle. ***See Commonwealth v. Hogan****,* 468 A.2d 493, 495-96 (Pa. Super. 1983); ***see also Commonwealth v. Carson,***

- 4 -

592 A.2d 1318, 1322 (Pa. Super. 1991). The Commonwealth was entitled to establish Cousette's recklessness through purely circumstantial evidence, as "there is rarely any direct evidence of one's subjective state of mind." *Commonwealth v. Utter*, 421 A.2d 339, 341 (Pa. Super. 1980) (citation omitted).

Here, the court found that the evidence was insufficient to convict Cousette of the crime of receiving stolen property. However, we are asked to determine whether the evidence was sufficient to support Cousette's conviction of unauthorized use of an automobile.

We recognize that Cousette was fully cooperative with the officers. Further, although the passenger side of the vehicle was damaged, this is not indicative of theft, and there were no other displays of any physical manifestations of theft.[2]

However, the trial court, sitting as fact-finder, focused on Cousette's inability to produce any paperwork for the vehicle. Not only was Cousette unable to produce registration or insurance, but she also was unable to produce a driver's license. Under these circumstances, it was not unreasonable or unwarranted to infer that she knew or should have known that she did not have the owner's consent to operate the vehicle. *See Hogan*,

---

[2] Physical manifestations of theft include signs of forced entry, broken ignition system, or obliterated vehicle identification number. *See Commonwealth v. Matthews*, 632 A.2d 570, 572 (Pa. Super. 1993).

468 A.2d 493 (evidence sufficient to infer at least recklessness where appellant violated traffic signal requirement and was unable to produce license or owner's card); *see also Utter*, 421 A.2d 339 (evidence sufficient to infer recklessness where appellant was unable to produce license or registration).

The only evidence possibly explaining Cousette's presence in the vehicle is that she is heard in Officer Dedos's body-worn camera video stating the vehicle belongs to a girlfriend. Notably, other than this mere quick reference to a "girlfriend," Cousette does not name any alleged owner or provide any other information regarding this girlfriend to the officers. The trial court was free to disregard this explanation as unsatisfactory and to consider Cousette's possession to be unexplained. *See Williams*, 362 A.2d at 249. The trial court determined there was nothing inside the vehicle connecting Cousette, or any of the other woman in the vehicle for that matter, to the vehicle. Further, the trial court was free to credit the testimony of Officer Dedos. Based on that testimony, and the totality of the circumstances, the court concluded Cousette was "just putting on a show" by looking around the vehicle when she ultimately could not produce anything tying her to the vehicle. N.T., 9/26/23, at 34. As in *Utter*, *supra*, the trial court was permitted to conclude Cousette's reference to an unnamed and unidentified "girlfriend" was implausible.

Our standard of review and deference to the court's factual findings and credibility determinations compels this result. The evidence supports an inference that Cousette was at least reckless with the knowledge that the car

was stolen, which satisfies the *mens rea* under the unauthorized use of a motor vehicle charge.

Based on the foregoing, we agree with the trial court that the evidence was sufficient to establish Cousette's guilt for unauthorized use of a motor vehicle.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/22/2025